HALL, Judge.
This appeal is from a judgment of the district court sustaining defendant’s peremptory exception of no cause and no right of action and dismissing plaintiffs’ suit for an alleged fire loss under a homeowner’s insurance policy issued by defendant.
The petition names Jarrell Morgan as plaintiff. Billy C. Morgan is named as “alternative plaintiff”. State Farm Fire & Casualty Company is named as defendant. It is alleged that defendant issued a homeowner’s insurance policy to Billy C. Morgan, a copy of the policy being attached to the petition as a part thereof.
The petition alleges that on July 19, 1972, Jarrell Morgan was operating a small tractor referred to as a dozer on part of Billy C. Morgan’s property covered by the insurance policy. It is alleged the dozer fell sideways into a hole causing a fire to start totally destroying the dozer. It is further alleged the dozer had a value of $4,500 prior to the fire and a salvage value of $200 after the fire, amounting to a loss of $4,300. It is further alleged that the policy provided coverage of the destroyed item as unscheduled personal property under Coverage B. Plaintiffs prayed for judgment against defendant in the amount of the alleged loss, plus interest, penalties, attorney’s fees and costs.
Defendant filed a peremptory exception of no cause and no right of action on the following grounds: (1) As to plaintiff, Jarrell Morgan, defendant has no contractual relationship with him and insured no property owned by him in that the policy was issued to Billy C. Morgan as insured; *524 and (2) As to the “alternative plaintiff”, Billy C. Morgan, the tractor was not owned by him and he had no insurable interest therein and, further, the tractor was not usual or incidental to the occupancy of the premises as a dwelling as required by provisions of the policy for coverage.
The provisions of Coverage B of the insurance policy pertinent to this litigation are as follows:
“COVERAGE B — UNSCHEDULED PERSONAL PROPERTY.
“This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an Insured, while on the described premises and, at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured.

“THIS COVERAGE EXCLUDES:

“(2) MOTORIZED VEHICLES, EXCEPT SUCH VEHICLES PERTAINING TO THE SERVICE OF THE PREMISES AND NOT LICENSED FOR ROAD USE;

The policy in question provides coverage for loss by fire of personal property “usual or incidental to the occupancy of the premises as a dwelling . . . owned by others while on the portion of the premises occupied exclusively by the insured”. By virtue of the exception contained in the exclusion clause, the policy, in effect, affirmatively provides coverage for “motorized vehicles . . . pertaining to the service of the premises and not licensed for road use”.
Plaintiff has alleged the small tractor was destroyed by fire while on the premises owned by the insured and covered by the insurance policy. Plaintiff has alleged that the small tractor or dozer comes within the classification of unscheduled personal property covered by the policy and by reference has made the policy provisions a part of the petition.
While somewhat vague and general, the allegations set forth a cause and right of action. Under the allegations of the petition there are reasonable hypotheses on which coverage and recovery can be based. The small tractor-dozer could be a vehicle pertaining to the service of the premises and not licensed for road use. It cannot be concluded as a matter of law that a small tractor-dozer is not an item usual or incidental to the occupancy of the premises as a dwelling, particularly in a rural or semirural area. It is not necessary in a petition to allege every evidentiary detail or fact upon which the outcome of the case will depend. The determination of whether or not the policy provides coverage in this case will depend upon the facts developed at a trial on the merits.
In Eschete v. City of New Orleans, 258 La. 134, 245 So.2d 383 (1971), it was held:
“Liberal rules of pleading prevail in Louisiana. Each pleading should be so construed as to do substantial justice. LSA-C.C.P. Art. 865. When it can reasonably do so, the court should maintain a petition so as to afford the litigant an opportunity to present his evidence. Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776, and the authorities therein cited.”
For the reasons assigned, the judgment of the district court is reversed, defendant’s peremptory exception of no cause and no right of action is overruled, and the case is remanded to the district court for further proceedings in accordance with the views expressed in this opinion.
Reversed and remanded.