AYRES, Judge.
This is an action under the provisions of a homeowner’s insurance policy issued by defendant, State Farm Fire and Casualty Company, to Billy C. Morgan as such provisions relate to the loss of a bulldozer by fire which occurred while the dozer was in use on the insured premises. The principal plaintiff is Jarrell Morgan, owner and operator of the dozer at the time of the fire. Billy C. Morgan, named as an alternative plaintiff, was the owner of the premises upon which the dozer was being used and the named insured in the insurance contract.
Billy C. Morgan owned a tract of land consisting of two lots comprising ten acres adjacent to a five-acre lot owned by Jarrell Morgan. The latter owned various equipment, including the dozer, and was engaged in the business of excavating and dirt moving, and, at the time of the fire, was engaged in filling a slough and preparing the area to serve as a pasture for cattle. The dozer turned over, spilled gasoline, became ignited, and the resultant fire destroyed the equipment.
This cause was heretofore before this court on an appeal from a judgment sustaining an exception of no cause of action (286 So.2d 523, La.App., 2d Cir., 1973). There we indicated there was a possibility of insurance coverage of the dozer, in view of the fact that it could possibly constitute, within the language of the policy, an item usual or incidental to the occupancy of the premises as a dwelling, particularly in view of the fact that where the loss occurred was a rural area. The exception was accordingly overruled and the cause remanded for trial upon its merits.
On the remand the cause was tried. The court found that the tractor-dozer did not constitute such property as is usually and customarily used on residential premises, nor was it caretaker equipment, but a piece of industrial equipment used by Jarrell Morgan in the course of his excavating and earth-moving business. The court accordingly held that insurance coverage of the dozer was not afforded under the policy provisions denominated: “COVERAGE B — UNSCHEDULED PERSONAL PROPERTY,” which recites:
“This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an Insured, while on the described premises and, at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured.
‡ ifc sfi j{c
“THIS COVERAGE EXCLUDES:
‡ ‘‡ ‡ íj{ j{i ‡
“(2) MOTORIZED VEHICLES, EXCEPT SUCH VEHICLES PERTAINING TO THE SERVICE OF THE PREMISES AND NOT LICENSED FOR ROAD USE;
>}i % ‡ s{c ‡ j{c
For the aforesaid reasons, amplified in a written opinion, there was judgment rejecting plaintiff’s demands and he appeals.
We find no error in the judgment appealed. In our opinion, the dozer was not *882 shown by the evidence to be an item of personal property usual or incidental to the occupancy of the insured premises as a dwelling. This piece of machinery was only one of the various kinds of equipment owned and used by Jarrell Morgan in the operation of his business. Attached to the dozer was a heavy blade, six or seven feet in length, liftable by hydraulic pressure. The dozer ran on tracks rather than wheels and had a weight of approximately three and three-quarters tons. Its use at the time of the fire was clearly not usual or incidental to the occupancy of the premises as a dwelling so as to bring it within the terms of the policy.
In view of the above findings and conclusions, no necessity exists to determine the questions of Jarrell Morgan’s right to recover under an insurance policy in which he was not named as an insured, or the right of Billy C. Morgan to recover for the loss of property in which he had no ownership or interest.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.