## CIRCUIT COURT OF PITTSYLVANIA COUNTY

Jackie R. Atkinson

    v.

Nationwide Mutual Fire Insurance Co.

### April 29, 1982

By JUDGE SAMUEL M. HAIRSTON

By agreement of the parties this case came on to be heard upon the Stipulation of Facts, the plaintiff's Homeowner's Policy No. 53 MP 632-044 issued by the defendant, deposition of Jackie R. Atkinson, briefs of counsel, and arguments of counsel.

The sole question for the Court's decision is whether or not the aforesaid Homeowner's Policy afforded insurance coverage to the plaintiff for the theft loss of a certain Caterpillar Traxcavator and trailer which are described in the motion for judgment. The Traxcavator is referred to by counsel as a bulldozer but the plaintiff in his depositions refers to it as a front end loader, a type of bulldozer with a bucket in front. (See deposition, page 3, lines 10 and 11.)

The plaintiff contends that the loss is covered under either or both Coverage A or Coverage B of said policy.

Of course, general principals of law should be borne in mind that the policy terms are to be construed strictly against the insurer and liberally construed in favor of the insured, but the Court cannot make

a contract for the parties and the policy must be construed according to the clear meaning of its terms.

The Court is of the opinion the loss is not covered under Coverage C of said policy because the property lost is not usual or incidental to the occupancy of the premises as a dwelling. This Court adopts the reasoning of the case of Morgan v. State Farm Fire & Casualty Company, 299 So. 2d 880 (1974), as its own for this holding. The Morgan case, however, deals with language found in Coverage C of the policy in the case at bar and leaves unanswered the construction of the language of Coverage A.

The Court is of the opinion that the question of whether or not the loss is covered under Coverage A of said policy depends upon a construction of the phrase "pertaining to the service of the premises" and more specifically to the word "service." The common meaning of the word service as found in Webster's International Unabridged Dictionary is, "To perform services of maintenance, supply, repair, installation, distribution, etc. for or upon." The Court has been cited no authority nor can the Court find authority to construe the word "service" to mean the type of construction that was done by the equipment in this case. Also, service connotes some continuing function although it may be infrequent, which is not the fact of this case. The Court is, therefore, of the opinion that there is no coverage for the loss under Coverage A of said policy.