EDWARDS, Judge.
This is a suit for workmen’s compensation. The trial court sustained defendant’s peremptory exception of prescription and plaintiff has appealed.
Lester N. Strange filed suit on February 2,1976, alleging that he suffered a compen-sable injury to his left elbow on September 30,1974, while working for J.E. Wiese, Inc., at a job site at the Exxon plant in Baton Rouge. The defendant, Commercial Insur- *753 anee Company of Newark, N.J. (Commercial), is alleged to be the compensation insurance carrier of Wiese, Inc.
Commercial filed a peremptory exception claiming that the limitation period of one year had elapsed since the injury, and therefore the plaintiff’s suit was barred. Before this exception was heard, plaintiff filed, with leave of court, a supplemental and amending petition alleging that the disability resulting from the injury did not occur until after December 17, 1975, the date on which surgery was performed on his elbow.
The trial court in sustaining the peremptory exception ruled that the one year period commenced to run on the date of the accident, since the injury was manifested to plaintiff as of that date, and that this period had expired previous to the institution of the present site.
The only issue presented for review is, whether or not the plaintiff’s action is barred.
The applicable period of limitation for a suit to recover workmen’s compensation benefits is contained in LSA-R.S. 23:1209. There it is stated:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter
“Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident . . .”
In the instant case, suit was not instituted within the one year period following the accident, nor were any workmen’s compensation benefits paid to the plaintiff because of the injury. Therefore this suit is barred under LSA-R.S. 23:1209 unless the plaintiff’s injury is covered by the proviso last stated above.
Commercial contends that the proviso is inapplicable since the plaintiff alleged in his petition that the injury has constantly bothered him since the accident. Commercial maintains that this admission establishes that the injury developed at the time of the accident.
Were it not for plaintiff’s amending petition, we would agree with Commercial’s position. However, the amending petition, properly filed with leave of court under LSA-C.C.P. art. 1151 and not attacked by defendant through a motion to strike or otherwise, alleges that the disability did not result immediately after the accident, but rather occurred only after the plaintiff underwent surgery for the injury on December 17, 1975. The amending petition also states that plaintiff continued to work between the date of the accident and the date of the surgery, thereby refuting disability during this period.
“Compensation benefits are, as a matter of necessity, proximate to disability. Where accident or injury and disability are not simultaneous, it is the onset of disability which is the compensable event and which commences the running of the relevant prescriptive period, subject of course to the limitations imposed by LSA-R.S. 23:1209 . . .”
Kaupp v. City of New Orleans, 248 So.2d 99 (La.App. 4th Cir. 1971).
Additionally, in Hobley v. Phoenix of Hartford Insurance Company, 233 So.2d 589 (La.App. 4th Cir. 1970), it was noted:
“The issue is not new to our jurisprudence. From the guidelines announced by the Supreme Court in the cases of Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 657, 57 So.2d 218, 219 (1952), and Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956), has evolved the jurisprudential rule that ‘development of injury’ means the time from which the employee can no longer pursue *754 his trade and occupation. This does not mean merely occurrence of an incident and pain, but the time when it is manifest to the employee or his employer that he is unable to perform substantially the duties of employment.” (citations omitted).
We find that the allegations contained in plaintiff’s “Supplemental and Amending Petition,” if proved would render his claim timely filed. However, we are unable to make a definite determination on this point based on the present posture of the record. Therefore we will remand this matter to the trial court in order that evidence might be taken on the question of when the injury and resulting disability, if any, did, in fact, develop. This evidence can be taken either at a hearing on the exception of prescription or at trial, if the exception is referred to the merits.
For the foregoing reasons, the judgment of the trial court maintaining the exception of prescription is reversed, and the case is remanded to the trial court for further proceedings consistent with the views herein expressed.
All costs of this appeal to be borne by the defendant-appellee; all other costs to await the final disposition of the case.
REVERSED AND REMANDED.