394 So.2d 647 (1980)
Theresa T. STEWART
v.
HOSPITALS AFFILIATES INTERNATIONAL, INC. OF BATON ROUGE, d/b/a Doctors Memorial Hospital.
No. 13796.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
Rehearing Denied February 11, 1981.
*648 Jack N. Rogers, Baton Rouge, counsel for plaintiff-appellee, Theresa T. Stewart.
Richard S. Vale, Metairie, counsel for defendant-appellant, Hospital Affiliates Intern., Inc. of Baton Rouge, d/b/a Doctors Memorial Hospital.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
The defendant-appellant, Hospital Affiliates International, Inc. of Baton Rouge (Doctors Hospital), appeals the decision of the trial court awarding to plaintiff-appellee, Theresa T. Stewart, workmen's compensation benefits. In doing so, the trial court overruled the exception of prescription filed by the appellant and found the plaintiff to be totally and permanently disabled.
Mrs. Stewart was working as a nurse's aid at Doctors Hospital in December of 1975 when she sustained an injury to her back while attempting to assist a patient. Mrs. Stewart complained of back pains and reported the incident to her superior but did not fill out an incident report.
Continuing to work at Doctors Hospital, plaintiff consulted Dr. T. L. James about consistent back pains. Dr. James, after unsuccessful treatment, referred the plaintiff in February of 1976 to Dr. James Poche, a neurosurgeon in Baton Rouge.
Plaintiff continued to work for the defendant until February 16, 1976, which was the last day of actual work. Dr. Poche had a myelogram performed on February 19, 1976, which revealed a herniated disc at the L-4 and L-5 interspace. He operated on her the next day and removed a portion of the L-4 disc. Plaintiff's recovery was uneventful until May of that year.
In May of 1976, plaintiff was involved in a car accident which did not have any effect on her back. Again, in August of 1976, plaintiff had a second automobile accident which again did not have any effect on her back.
Plaintiff continued to complain of back problems to Dr. Poche who performed a second myelogram in August of 1976. This second myelogram showed little irregularities around the area of her surgery but, in essence, was a normal study. On September 24, 1976, Dr. Poche addressed a letter to Doctors Hospital informing them that the plaintiff could go back to work but had to avoid any heavy lifting.
Plaintiff did not return to work after this letter informing the hospital of plaintiff's ability to return. In January of 1977, Mrs. Stewart slipped and fell in the bathtub aggravating her condition. The result was another myelogram performed in March of
1977, and subsequent surgery in May of 1977 at the L-3 and L-4 levels. This latter incident rendered the plaintiff totally and permanently disabled.
Mrs. Stewart filed suit on June 2, 1977, seeking to be declared totally and permanently disabled and entitled to workmen's compensation benefits as provided for by law in addition to all medical expenses. Defendant excepted to the petition stating that the petition on its face revealed that the action had prescribed and answered the petition with a general denial.
The trial court found that defendant's plea of prescription was not well founded since the defendant had written a letter to Mrs. Stewart on March 30, 1976, informing her that plaintiff's job would still be open for a period of three months. The court *649 computed that this three month period expired on June 30, 1976, thus terminating her employment with Doctors Hospital and beginning the running of prescription.
The trial court found that the suit filed on June 2, 1977 was within one year of the date of termination of employment and within two years of the date of the accident. In addition, the trial court found Mrs. Stewart to be totally and permanently disabled due to the aggravation of her work related injury by the fall in the bathtub. It is on these two points that the defendant has appealed.
The applicable provision of the workmen's compensation statute for prescriptive periods is La.R.S. 23:1209, which provides:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
From a reading of this section, two time frames for prescription are applicable. The first is a one year period beginning from the date of the accident. The second is a one year period from the time the injury develops. The latter is the period that concerns us in this matter. Also inapplicable is the provision that the prescriptive period is one year from the last payment of benefits since none were ever paid in this case.
The date of filing suit is not within the one year period following either the accident, which allegedly occurred in December of 1975, nor the day of plaintiff's last day at work, which allegedly is February 16, 1976. Since these facts appear from the face of the petition, it is incumbent upon the plaintiff to come forward to prove an interruption of the year period. Heymann v. Dixie Leasing Corporation, 250 So.2d 118 (La.App. 4th Cir. 1971); Black v. Ethyl Corporation, 236 So.2d 607 (La.App. 1st Cir. 1970).
Mrs. Stewart argues that prescription under La.R.S. 23:1209 is based upon the jurisprudential principle of "discontinuance of employment," in a "development of the injury" case. The case of Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218 (1952) was the first decision to express this theory. Therein the Supreme Court stated:
"From the very wording of this amendment, an employee who receives an injury flowing from an accident that later develops into disability is excepted from the general rule and his right of action is not perempted until one year after the injury has developed. In this case the injury did not develop into total disability until March 11, 1947, at which time the plaintiff could no longer pursue his trade as a glass cutter..."
The March 11, 1947 date represented the last day that Mr. Mottet had worked.
The courts have continued the jurisprudential rule that a disabling injury develops when "disability to perform work becomes manifest either to the injured employee or his employer." Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956). See Russell v. Employers Mutual Liability Ins. Co. of Wis., 246 La. 1012, 169 So.2d 82 (1964); Harris v. Seaboard Fire & Marine Ins. Company, 337 So.2d 262 (La.App. 2nd Cir. 1976) and cases therein cited; and Strange v. Commercial Ins. Co. of Newark, 346 So.2d 752 (La.App. 1st Cir. 1977). Malone and Johnson, Louisiana Workmen's Compensation, 13 La.Civ.L. Treatise, Section 384, pgs. 241-263 (2d Ed. 1980).
*650 One distinguishing factor in all these cases is that the claimant returned or tried to return to work and then left because of the inability to perform. The day they left was considered the day the injury developed so that the date of disability and the date of discontinuance of employment was one and the same. In our case, Mrs. Stewart never did return to work.
Plaintiff's last day of work was on February 16, 1976, while she was terminated as an employee of Doctors Hospital sometime in June, 1976. Plaintiff's disability occurred at a different time. Her initial injury occurred in December of 1975 and her initial disability occurred on February 19 or 20, 1976, the date of the myelogram and surgery. The total and permanent disability did not result until January of 1977, when she fell and slipped in the bathtub.
For the fall in the bathtub to be compensable, there must be a showing that the injury complained of on that day was causally connected to the work related injury of December, 1975. In this case, plaintiff had complained of back pains and pains in her left leg following the injury and after the operation in February of 1976. In describing the fall in the bathtub she stated that her leg gave out like it had been doing.
An injury which is work related that is aggravated by an off the work accident is compensable only if there is a causal relation between the off the job accident and the work related injury. Bolden v. Georgia Cas. & Sur. Co., 363 So.2d 419 (La. 1978) and Carter v. Rockwood Ins. Co., 341 So.2d 595 (La.App. 2nd Cir. 1977). We find there is sufficient evidence of record to substantiate the causal connection. We have our doubts about the trial court's action in addressing interrogatories to one of the doctors after the case was taken under advisement, but need not consider this argument because the answers do not conflict with or detract from our holding herein.
Since the total and permanent disability did not occur until January, 1977, filing of suit on June 2, 1977 was timely. The filing of suit was within one year of the date of the disability as well as within the two year peremptive period provided by La.R.S. 23:1209. Defendant's plea of prescription was properly overruled.
The next contention is that the trial court erred in finding the plaintiff totally and permanently disabled. There is sufficient evidence in the record, especially that of Dr. Poche, to find that Mrs. Stewart could not engage in any gainful occupation for wages. Plaintiff might only have been totally and temporarily disabled until September of 1976, but the fall in the bathtub, which is causally connected to the work related injury as hereinbefore shown, aggravated the injury so as to render the plaintiff totally and permanently disabled thereafter. Such an aggravation is compensable. Carter, supra.
For these reasons, the judgment of the trial court is affirmed. Defendant is cast for all costs of these proceedings.
AFFIRMED.