404 So.2d 944 (1981)
Theresa T. STEWART
v.
HOSPITALS AFFILIATES INTERNATIONAL, INC. OF BATON ROUGE d/b/a Doctors Memorial Hospital.
No. 81-C-0680.
Supreme Court of Louisiana.
September 28, 1981.
Richard S. Vale, Metairie, for defendant-applicant.
Jack N. Rogers, Baton Rouge, for plaintiff-respondent.
WATSON, Justice.
This is a workmen's compensation case. The issue is whether plaintiff's suit was timely filed.
Plaintiff, Theresa T. Stewart, was employed as a nurse's aid by defendant, Hospital Affiliates International, Inc. of Baton Rouge d/b/a Doctors Memorial Hospital. She injured her back lifting a hospitalized patient in December of 1975 and had a laminectomy. She was given a leave of absence for the surgery and remained an employee of defendant until June 30, 1976. She fell at home in January of 1977 and reinjured her back. Suit was filed June 2, 1977. The trial court overruled an exception of prescription because suit was brought within two years of the accident and within one year from the time plaintiff's employment was terminated.
The Court of Appeal affirmed the trial court, concluding that the fall at home was causally connected to the initial injury at work. Stewart v. Hospitals Affiliates Intern., Inc., 394 So.2d 647 (La.App. 1 Cir. *945 1980). A writ was granted to review the judgment of the Court of Appeal, 399 So.2d 597 (La., 1981).
Dr. James A. Poche, Jr., an expert in the field of neurosurgery, saw Theresa Stewart after the first accident. She had a restricted range of motion and walked with a limp favoring her left leg. After a myleogram, ruptured discs at L-4 and L-5 were partially removed. Following this surgery, Dr. Poche wrote a letter to the employer advising that Theresa Stewart could return to work if she avoided heavy lifting. Subsequently, Theresa Stewart was involved in two automobile accidents, but a myleogram after the second one showed an essentially normal back. A bath tub fall on January 17, 1977, resulted in a recurrent disc at L-4 and a new ruptured disc at L-3. Surgery was performed, but Theresa Stewart is now totally disabled.
In post-trial answers to interrogatories, Dr. Poche stated that Theresa Stewart's disability prior to her fall in the bath tub was five percent; the fall aggravated the pre-existing injury. He did not think that the initial disability substantially contributed to the fall. However, Theresa Stewart testified that her leg gave way in the tub "like it had been doing." (Tr. 111) She had had weakness in her left leg from the time of her initial injury. A co-worker, Mary Hsu, said she started dragging her leg after the first accident. Apparently this weakness was never corrected. A radiologist's report after the first surgery showed post-operative defects on the left side at L-4 and L-5. Dr. Poche's follow-up on that surgery indicated occasional leg pain. Theresa Stewart's testimony that she fell in the bath tub when her leg gave way is consistent with her history of pronounced weakness in the left leg from the time of the initial accident.
The initial work related injury was aggravated by the subsequent fall in the bath tub. Although Dr. Poche did not think Theresa Stewart's disability "substantially contributed" to that fall, he was not present at the time and his statement is conjectural. Plaintiff's positive testimony, corroborated by other evidence of continued weakness of her leg, was accepted by the trial court and the Court of Appeal. There is no clear error.
Theresa Stewart's initial injury caused the fall in the bath tub which aggravated that injury. Absent the first work related accident, Theresa Stewart would not be totally and permanently disabled. When a work related injury is subsequently exacerbated, the aggravation is regarded as a development of the initial accident even though it occurs away from the employer's premises after employment has terminated. Bolden v. Georgia Cas. & Sur. Co., 363 So.2d 419 (La., 1978). Theresa Stewart's present back condition is related to her initial injury at work. Lester v. Rebel Crane & Service Co., 393 So.2d 674 (La., 1981). Suit was filed within two years of that first accident. LSA-R.S. 23:1209. Theresa Stewart's disability did not fully develop until January of 1977. Suit was filed within one year, on June 2, 1977, and was timely.
For the foregoing reasons the judgments of the trial and appellate courts are affirmed.
AFFIRMED.