434 So.2d 440 (1983)
Jerry GEORGE, Plaintiff-Appellant,
v.
MARCANTEL FEED STORES, INC. and Fidelity & Casualty of New York, Defendant-Appellee.
No. 83-51.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
Rehearing Denied August 1, 1983.
Joseph E. Bass, Jr., and Edward F. Bass, Lake Charles, for plaintiff-appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, John S. Bradford and Kirk Bergeron, Lake Charles, for defendant-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This is a workmen's compensation suit wherein Jerry L. George alleges that he is totally and permanently disabled as a result of a back injury he sustained on November 26, 1979, while working for Marcantel Feed Stores. The trial court found that Mr. George's back injury was not job related; that his injury resulted from an intervening cause, namely a second accident. Mr. George has perfected this appeal. We reverse.

FACTS
The evidence shows that a stack of feed sacks, weighing approximately fifty pounds apiece, fell. One of the sacks fell on the *441 base of Mr. George's neck causing him to fall to the floor. After the sacks were picked up Mr. George went home for lunch. On the way he felt pain in his lower back. The pain intensified causing him to seek treatment by Dr. Elio Anglarill, a general practitioner, who prescribed a relaxant and recommended rest. Three days later Mr. George was examined by Dr. Broussard, who had x-rays taken of Mr. George's back which revealed a spondylolysis.
Dr. Broussard referred Mr. George to Dr. Clark Gunderson, an orthopedist. Dr. Gunderson also took x-rays of Mr. George's lumbar spine which showed a spondylolisthesis. Dr. Gunderson prescribed a back brace and requested Mr. George to return for another examination in four weeks. On his return visit to Dr. Gunderson, Mr. George's x-rays were unchanged. On March 18, 1980, Dr. Gunderson released Mr. George to return to work, but Mr. George continued to experience pain in his lower back.
On March 25, 1980, Mr. George returned to see Dr. Gunderson stating that his back pain worsened when he tried to start his lawn mower. Because Mr. George complained of persistent pain Dr. Gunderson recommended that he undergo a lumbar laminectomy and spinal fusion. He also recommended that Mr. George see Dr. George Schneider, an orthopedist, for a second opinion.
Dr. Schneider's examination revealed the presence of a congenital transitional first sacral segment defect. He agreed with Dr. Gunderson that Mr. George should be hospitalized and he undergo a lumbar myelography. Surgery was performed on Mr. George on June 13, 1980.
After surgery Mr. George remained under the care of Dr. Gunderson and was also examined by Dr. Dean Moore, a neurosurgeon. Dr. Gunderson and Dr. Moore found the bone fusion to be unstable and were of the opinion that a second operation would be necessary.
The issues presented on appeal are: (1) whether Mr. George's back injury was caused by the job related accident or an intervening cause; (2) whether Mr. George is totally and permanently disabled; and, (3) whether Mr. George is entitled to penalties and attorney's fees for the insurers failure to pay proper compensation and related benefits.

CAUSE OF INJURY
The trial court found that the accident complained of by Mr. George caused only momentary pain and did not cause his back defect. In its reasons for judgment the trial court stated:
"Mr. George had recovered from the muscle problem of November, 1979, and had been released by Dr. Gunderson to go to work prior to sustaining a second injury."
We disagree with the trial court's conclusion and find Mr. George's disability was causally related to the injury of November, 1979.
The employee in a workmen's compensation suit must bear the burden of proving he received a personal injury arising out of and in the course of his employment and that a causal relationship exists between his disability and the accident. Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978). Where there is proof of an accident and of disability without any intervening cause it is presumed that the accident caused the disability. Allor v. Belden Corp., 393 So.2d 1233 (La. 1981). An intervening cause does not exist when an employee is involved in a second accident which aggravates a work related injury. The aggravation is regarded as a development of the initial accident even though it occurs away from the employer's premises. Stewart v. Hospitals Affiliates International, Inc. of Baton Rouge, 404 So.2d 944 (La.1981).
We find that Mr. George's act of pulling the cord to start the lawn mower aggravated his work related injury he received on November 26, 1979, when the feed sacks fell on his neck. We do not construe the lawn mower incident to be a second accident or intervening cause. Mr. George was examined after the work related accident *442 by Dr. Gunderson who found that he had a congenital condition of his back described as spondylolysis. This congenital defect was aggravated by the work related accident which produced a condition described as spondylolithesis. Dr. Gunderson testified as follows:
"Q. A person may have that underlying condition, that I call a spondylolysis, without ever having ... ever hearing from it during his entire life; that's possible?
A. That is true.
Q. But if we have here, and assume for present purposes that this man's back was asymptomatic prior to the alleged episode of trauma in November of 1979, then would it be, shall I say, logical to assume that the trauma played some part in causing the condition to become symptomatic and painful?
A. Yes."
"* * *"
Q. But as you testified earlier, assuming certain things as being correct, that it was asymptomatic, we have the alleged episode of trauma, then you have symptoms of pain, presumably that a participating factor played some part in the picture, that is, to say the sacks falling upon this man...
A. I think that affects the soft tissues around the vertebrae. In other words, I think they're getting along quite nicely because they have marginal supporting structures, if you will. Even though their bone has a spondylolysis, then all of a sudden the oats fall on him, and enough of the supporting structures are torn or injured, they then have an unstable situation and he continues to have back pain, and I think that's the pathology in this case.
Q. I think you've answered the final question. There can be what I might describe as an aggravation of this pre-existing condition, which we've talked about so much, so that we have symptoms for the first time without there being any actual fracture. As you've already stated, there could be soft tissue damage, shall I say, isn't that correct?
A. Yes."
It appears from the medical and lay testimonies presented that Mr. George's back condition became symptomatic and painful as a result of the work related accident on November 26, 1979. The work related injury was aggravated by the second accident in May 1980 when he pulled on the lawn mower cord. This aggravation was a development of the initial accident which occurred in the course of his employment with Marcantel Feed Stores.

EXTENT OF DISABILITY
The trial court held that Mr. George was not permanently disabled because he failed to present testimony which showed that he could not perform any services other than those of a limited quantity. We find that Mr. George has made out a prima facie case for classification in the odd-lot category.
Mr. George is twenty-six years of age, has an eighth grade education, and his prior work experience consists of hard manual labor. After the accident Mr. George attempted to work at a paint and body shop. He had to quit after two weeks because the pain in his back was so substantial that he could not perform the duties required of him. Mr. George has undergone surgery to his back and a second surgery is necessary because of the non-union.
Dr. Gunderson, the orthopedist who performed the surgery on Mr. George stated that he had a twenty-five per cent permanent partial disability and he did not think that Mr. George could return to work. He suggested that Mr. George seek the advice of another orthopedist, Dr. Schneider.
Dr. Schneider examined Mr. George on several occasions finding non-fusion and is of the opinion that a second fusion operation may be required. He concluded that Mr. George was unable to return to manual labor because he would be working in substantial pain.
*443 The medical testimonies support the finding that Mr. George is incapable of returning to the type of employment for which he is suited by virtue of his previous training, education and experience. Mr. George's physical impairment considered with his education and training indicates that he can perform no services other than those which are so limited in quality and quantity that a reasonably stable market for them does not exist.
Considering both the lay and the medical testimony presented at trial we find Mr. George to be totally and permanently disabled within the meaning of LSA-R.S. 23:1221(2).

PENALTIES AND ATTORNEY'S FEES
The trial court's holding that the plaintiff is not entitled to statutory penalties and attorney's fees is erroneous. The plaintiff was earning $3.00 per hour at the time of the accident. The minimum compensation due him under the workmen's compensation law was $80.00 per week. He was receiving only $77.34 per week. At the trial of the dilatory exception of prematurity on February 6, 1981, the trial court found that the plaintiff was earning $3.00 per hour. However, the defendant continued to pay benefits at the rate of $77.34 per week. The defendants provide no reasons for their failure to pay weekly compensation at the proper rate.
The defendant has also failed to pay plaintiff travel expenses he incurred incidental to medical treatment in the sum of $133.12 and for which plaintiff is entitled to recover. We find that the defendant's failure to pay the proper weekly compensation benefits, medical and related expenses in accordance with the provisions of the statute was arbitrary. We therefore award the plaintiff the statutory penalties and $3,500.00 as attorney's fees.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed. Accordingly, the decree is recast as follows and rendered:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of the plaintiff, Jerry George, and against the defendants, Marcantel Feed Stores, Inc. and Fidelity and Casualty of New York, in solido, for weekly compensation benefits for permanent and total disability at a rate of $80.00 per week from November 26, 1979, for as long as plaintiff's disability continues with legal interest and twelve per cent penalty thereon, subject to credit of $9,203.46 for amounts previously paid by the defendants, plus $133.12 for travel expenses and $3,500.00 attorney's fees. All costs of the suit, including fees of expert witnesses and court reporters for depositions, as well as costs of this appeal are assessed against the defendants-appellees.
REVERSED AND RENDERED.

ON REHEARING
KNOLL, Judge.
PER CURIAM.
It was brought to our attention in the application for a rehearing that the decretal portion of the opinion allowed interest and 12% penalty for as long as plaintiff's disability continues. We granted the rehearing and assign this per curiam to clarify the judgment to read as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of the plaintiff, Jerry George, and against the defendants, Marcantel Feed Stores, Inc. and Fidelity and Casualty of New York, in solido, for weekly compensation benefits for permanent and total disability at a rate of $80.00 per week from November 26, 1979, for as long as plaintiff's disability continues, with legal interest and twelve per cent penalty thereon on all delinquent benefits up to the date of the trial courts judgment of December 15, 1982, subject to credit of $9,203.46 for amounts previously paid by the defendants, plus $133.12 for travel expenses and $3,500.00 attorney's fees. All costs of the suit, including fees of expert witnesses and court reporters for depositions, as well as costs of this appeal *444 are assessed against the defendants-appellees.
Judgment affirmed as amended.