SHORTESS, Judge.
This is an appeal from a judgment of the trial court dismissing the claim of Deborah Sue Huhn (plaintiff) for workers’ compensation benefits on a peremptory exception of prescription.
Plaintiff alleged in her petition that she was injured on November 5, 1980, in work-related accident. She had been working in the delicatessen of one of The Kroger Company’s (defendant) stores. Her position was that of “clean-up person,” and she was injured while lifting a large, heavy pan. Plaintiff continued to work, experiencing pain and discomfort until she finally terminated her employment in the second week of December, 1980.[1] This suit was filed on November 24, 1981.
Defendant filed a peremptory exception of prescription stating that plaintiff’s accident occurred on November 5, 1980, that *181 the suit was filed on November 23, 1981, and that “[p]laintiff s alleged disability was clearly manifest at the time of this alleged accident.” The trial court sustained the exception and dismissed plaintiffs suit.
La. R.S. 23:1209 provides the prescriptive periods applicable in workers’ compensation proceedings. In pertinent part, it states that “when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops.”
Beginning with Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218 (1952), the Louisiana jurisprudence has construed this statute such that a disabling injury develops when a “disability to perform work becomes manifest either to the injured employee or his employer.” Stewart v. Hospitals Affiliates Intern., Inc. of Baton Rouge, 394 So.2d 647, 649 (La.App. 1st Cir.1980) (and authorities cited therein), aff'd, 404 So.2d 944 (La.1981).
It is obvious that plaintiffs “disability to perform work” was manifest to no one during the period from November 5 until the second week in December, 1980, because plaintiff continued to work during that time. Her November 5 injury developed into a disability only after it rendered her unable to continue in her employment. Plaintiffs deposition reveals that this disability occurred during the second week of December and prompted her termination of her employment. Roberts v. Sonic Drive In of Marksville, 441 So.2d 24 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 121 (La.1984); See Faucheux v. Hooker Chemical Corp., 440 So.2d 1377 (La.App. 5th Cir.1983), writ No. 84-C-0132 denied, 444 So.2d 1238 (La.1984), writ No. 83-C-U88 granted, 444 So.2d 1251 (La.1984).
For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings. Costs of this appeal are taxed to defendant.
REVERSED AND REMANDED.

. Plaintiff alleged in her petition that ‘‘[o]n or about November 12, 1980, plaintiff was dismissed from her employment with The Kroger Co. for reasons unrelated to her injury.” Both sides’ briefs fail to argue any facts to verify this allegation which we therefore assume was made in error.