540 So.2d 422 (1989)
Thomas D. LEDET
v.
Dan M. HOGUE, Liberty Baptist Church and Preferred Risk Mutual Insurance Company.
No. CA 87 1734.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
Barry Boudreaux, Houma, for plaintiff and appelleeThomas D. Ledet.
Richard McCormack, New Orleans, for intervenor and appellantU.S. Fidelity & Guar. Co.
*423 Lawrence Mann, New Orleans, for defendant and appelleePreferred Risk Mut. Ins. Co.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
LOTTINGER, Judge.
This appeal arose when the trial court sustained the peremptory exception raising the objection of no cause of action and dismissed the petition for intervention brought by the Longshore and Harbor Workers' Compensation Act (LHWCA) carrier.

FACTS
In January of 1985, Thomas Ledet, plaintiff, was injured while employed by Southland Rentals, Inc. and working on a drilling rig owned by Atlantic Pacific Marine Corporation. As a result, Southland's insurance carrier, United States Fidelity & Guaranty Company (U.S.F. & G.) began paying Ledet compensation pursuant to the LHWCA. Subsequently, Ledet filed suit against Atlantic Pacific alleging negligence caused his accident and injuries. U.S.F. & G. intervened in the suit which is now pending in federal district court.
In July of 1985, Ledet was injured in an automobile accident when he struck a bus driven by Dan Hogue and owned by Liberty Baptist Church. The insurer of the bus is Preferred Risk Mutual Insurance Company. Following that accident, Ledet filed the present suit in state district court.
Thereupon, U.S.F. & G. petitioned to intervene to recover for LHWCA compensation benefits and medical expenses which it paid Ledet, but which it claimed were partly the result of the second accident.

TRIAL COURT
In response to U.S.F. & G's petition to intervene, Ledet and Preferred Risk filed the peremptory exception raising the exception of no cause of action. They argued that the second accident was not work-related, and thus, U.S.F. & G. was not obligated to compensate Ledet under the LHWCA. The trial court sustained the exception and dismissed U.S.F. & G.'s petition for intervention. In written reasons, the trial court stated:
Since the intervenor has failed to cite any law that states it is bound to continue paying plaintiff's compensation benefits and medical expenses regardless of the cause of injury, this Court finds that plaintiff's employer, Southland Rentals, Inc., has no compensation liability for damages incurred as a result of this accident. This Court also finds that the automobile accident of July 21, 1985, is an intervening accident or a second accident from which compensation benefits do not flow. George v. Marcantel Feed Stores, Inc., 434 So.2d 440 (La.App. 3 Cir.1983).

ASSIGNMENT OF ERROR
In appealing, U.S.F. & G., the intervenor, asserts the trial court erred:
1) In finding that U.S.F. & G. failed to state a cause of action; and
2) In not permitting U.S.F. & G. to amend its petition so as to remove the ground for the exception.

ASSIGNMENTS OF ERRORS NOS. 1 AND 2
The peremptory exception raising the objection of no cause of action tests the legal sufficiency of the petition and is triable on the face of the pleadings. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193, 194 (La.1977).
It is also true that in Louisiana liberal rules of pleading prevail and each pleading should be construed so as to do substantial justice. Haskins, at 194. La.Code Civ.P. art. 865.
Under the LHWCA, as is true of Louisiana's worker's compensation laws, the employer and its insurer are liable only for accidents that arise in the course and scope of employment. Inasmuch as the court below determined that the second *424 accident did not meet that criterion it concluded that intervenor was not liable for plaintiff's second accident and thus had not become subrogated to plaintiff per La.Civ. Code art. 1829[1] as intervenor claimed.
As noted above, the LHWCA and Louisiana's Worker's Compensation laws require that an injury arise in the "course and scope of employment." Thus, both federal and state jurisprudence construing the meaning of "course and scope of employment" are applicable.
Our research of the federal jurisprudence has yielded conflicting interpretations as to when a second injury is compensable.
In Bludworth Shipyard, Inc. v. LIRA, 700 F.2d 1046, 1050 (5th Cir.1983), the court cited Mississippi Coast Marine v. Bosarge, 637 F.2d 994 (5th Cir.1981) for the proposition that "[a] subsequent injury is compensable if it is the direct and natural result of a compensable primary injury, as long as the subsequent progression of the condition is not shown to have been worsened by an independent cause."
However, in Voris v. Texas Employers Ins. Ass'n, 190 F.2d 929, 934 (5th Cir.1951), cert. denied, 342 U.S. 932 (1952), the court noted "[t]here must, however, under the Act, be some connection between the death and the employment, and the causal effect attributable to the employment must not have been overpowered and nullified by influences originating entirely outside the employment." (Emphasis added by this court.)
While both Bludworth and Atlantic Marine, Inc. v. Bruce, 661 F.2d 898 (5th Cir. 1981) noted the disparate language neither attempted to harmonize the inconsistency.
On the state level, we turn first to George v. Marcantel Feed Stores, Inc., 434 So.2d 440 (La.App. 3rd Cir.), writ denied, 440 So.2d 758 (La.1983), which was the case relied upon by the court below, but which ironically held that the second accident was not an intervening one, and thus, the insurer was liable for the second accident.
Intervenor relies on George as well for the proposition that "an intervening cause does not exist when an employee is involved in a second accident which aggravates a work-related injury" even though the second accident occurs away from the employer's premises. George, at 441. Taken out of context, such language is misleading because not every accident that aggravates a work-related injury is compensable. There must be some causal connection as noted by the Supreme Court case cited in George. In Stewart v. Hospitals Affiliates International, Inc. of Baton Rouge, 404 So.2d 944, 945 (La.1981), the Supreme Court found the initial, work-related injury "caused" the second injury that was unrelated to the employee's work. In that case, the first injury predisposed plaintiff to the second injury because her leg, which was weakened from the first fall, gave way, causing her to fall. The Supreme Court reiterated the need for a causal connection in Kelly v. City of New Orleans, 414 So.2d 770, 772 (La.1982), when it opined the first injury "predisposed" plaintiff to the second injury.
In the present case, the intervenor's petition does not allege that the first injury predisposed plaintiff to the second injury. Nevertheless, the procedural posture of this case is also different from that of the above-cited federal and state cases. In those cases, the litigation was between the employee and employer or carrier over compensation benefits. In the case sub judice, the employer's carrier is seeking to intervene in the employee's suit against a third party so as to recover benefits it paid unaware of the second intervening accident that may have worsened plaintiff's condition.
Nevertheless, our research has disclosed a case wherein the court denied the insurer's right to sue the third party tortfeasor to recover payments for which it was not liable. See Allstate Insurance Company v. Theriot, 362 So.2d 1214 (La.App. 4th Cir.1978), reversed on other grounds and *425 remanded, 376 So.2d 950 (La.1979). However, in that case, the insurer had brought suit against the third party tortfeasor, whereas in the instant case, the insurer is seeking merely to intervene in the employee's action.
Thus, we turn to the underlying purpose of worker's compensation laws, which is to facilitate prompt payments to an injured worker. A denial of U.S.F. & G.'s right to intervene in this case would run counter to the above-stated policy for it would place the insurer in the precarious position of choosing between possible penalties for not paying compensation benefits later determined to be payable or paying benefits for which it was not liable and later not being able to recover those payments.
Insofar as we find that intervenor alleged in its petition that it erroneously paid for plaintiff's injuries received in the second accident (sued upon by plaintiff herein) because plaintiff never informed intervenor of the second accident, we hold that intervenor's petition does state a cause of action and that to hold otherwise would undermine the purpose of worker's compensation laws.
Accordingly, the judgment of the trial court maintaining the peremptory exception raising the objection of no cause of action is reversed, and this matter is remanded for further proceedings at appellee's cost.
REVERSED AND REMANDED.
NOTES
[1] La.Civ.Code art. 1829 provides in part:

Subrogation takes place by operation of law:
(3) In favor of an obligor who pays a debt he owes with others or for others and who has a recourse against those others as a result of payment. (Emphasis added by this court.)