EDWARDS, Judge.
These consolidated suits are based primarily on plaintiffs’ claims of antitrust violations. Defendants, Teche Sugar Company, Inc. (Teche Sugar) and South Coast Sugars, Inc. (South Coast), filed peremptory exceptions raising the objection of no cause of action in the consolidated suits. In the suit for damages filed by plaintiffs, Teche Planting, Inc. and Francis Accardo (Teche Planting), the trial court overruled the exception. In the suit for declaratory judgment, preliminary and permanent injunctions filed by plaintiff, Breaux Brothers Farms, Inc. (Breaux), the trial court sustained the exception. Breaux appealed and defendants, citing LSA-R.S. 51:135, also appealed. We affirm the judgment overruling the exception of no cause of action in Teche Planting, but reverse the ruling against Breaux that sustained the exception.
ALLEGATIONS BY PLAINTIFFS
Teche Planting and Breaux alleged violations by defendants of the Louisiana Monopolies Statutes, LSA-R.S. 51:121, et seq., which contain Louisiana’s antitrust legislation. Teche Planting also prayed for reimbursement for expenses incurred that Teche Sugar had agreed to pay and for damages based on LSA-C.C. art. 2315.
According to plaintiffs’ petitions, Teche Planting and Breaux were sugarcane farmers. They leased farm land from Prudential Insurance Company (Prudential). These leases expired December 31, 1989. Prior to the expiration of the leases, defendant, Teche Sugar, entered into a lease with Prudential that gave Teche Sugar the right to lease out the land in the future. In anticipation of the expiration of plaintiffs’ leases with Prudential, Teche Sugar submitted proposed leases to Teche Planting and Breaux for approval. These leases contained a provision that required Teche Planting and Breaux to deliver the sugarcane crop to a specific mill designated by Teche Sugar and owned by South Coast. Plaintiffs objected to the requirement that a designated mill be used exclusively and attempted to negotiate leases without the contested provision. Breaux eventually signed the lease, but continued to object to the mill requirement as an illegal tying provision[1] that violated Louisiana antitrust laws. Teche Planting continued farming the land without a lease while trying to negotiate with Teche Sugar. Teche Sugar agreed to pay certain expenses incurred during that period. No agreement was reached concerning the lease, and Teche Planting stopped farming the land.
Plaintiffs in both eases alleged that Teche Sugar and South Coast are affiliated and that the alleged illegal tying agreement benefitted defendants and resulted in the economic coercion of plaintiffs. Plaintiffs alleged that defendants impermissibly connected or tied the mill services to the lease of the land. Both petitions asserted that the tying arrangement undermined free market forces, threatened the farmers’ ability to secure a fair price for their product, and foreshadowed an adverse impact on the Louisiana sugarcane industry.
PRINCIPLES OF LAW:
NO CAUSE OF ACTION
The peremptory exception raising the objection of no cause of action tests the legal sufficiency of the petition and is tri *150 able on the face of the pleadings. Ledet v. Hogue, 540 So.2d 422, 423 (La.App. 1st Cir.1989). The issue is whether any remedy is afforded by law to plaintiffs under the allegations of the petition. Batson v. Cherokee Beach and Campgrounds, Inc., 428 So.2d 991, 992 (La.App. 1st Cir.), cert. denied, 434 So.2d 1092 (La.1983). To determine the validity of the exception, all well pleaded allegations of fact are accepted as true and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Ledet, 540 So.2d at 423. All doubts are resolved in favor of the sufficiency of the petition. Batson, 428 So.2d at 992-93.
LSA-C.C.P. art. 931 prohibits the introduction of evidence to support or controvert the objection that the petition fails to state a cause of action. This prohibition limits the use of an exception of no cause of action “as a vehicle for affirmative defenses to those which are disclosed by the petition itself.” Haskins v. Clary, 346 So.2d 193, 195 (La.1977). Generally, “an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings.” Haskins, 346 So.2d at 195.
ANTITRUST PROVISIONS
LSA-R.S. 51:122, in part, provides:
Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in this state is illegal.
LSA-R.S. 51:142 provides an exception to the antitrust statutes. One of the section 142 exclusions is for “agricultural products or live stock while in the hands of the producer or raiser_”
APPLICATION OF PRINCIPLES
Plaintiffs alleged that the defendants violated antitrust provisions and illegally restrained trade. Defendants claimed an exemption under LSA-R.S. 51:142. Defendants argued that Teche Sugar received part of the crop under the lease and was, therefore, a producer of an agricultural product as defined by LSA-R.S. 3:75, 3402(1), 3402(13), and related articles. Plaintiffs argued that the tied products are the land and the mill services and that the defendants do not fit within the agricultural exemption.
The facts alleged in plaintiffs' petitions and the attached leases do not exclude every reasonable hypothesis under which plaintiffs would have a cause of action. Many unresolved issues and questions of fact remain.
An exception of no cause of action is not the appropriate vehicle to resolve these questions and issues. Plaintiffs were not required to negate every possible argument based on the exclusion provided by LSA-R.S. 51:142. See Haskins, 346 So.2d at 195. The plaintiffs’ allegations provide a reasonable hypothesis under which plaintiffs would have a cause of action. Plaintiffs alleged that defendants, the sub-lessor of the land and the mill owner, conspired for their benefit and that the tying provision requiring use of the South Coast mill illegally restrained trade. Accordingly, the exceptions of no cause of action must be overruled. The trial court erred in sustaining the exception as to Breaux.
For these reasons, the judgment overruling the exception in Teche Planting is affirmed. The judgment against Breaux sustaining the exception of no cause of action is reversed, and the cases are remanded for further proceedings consistent with this opinion. All costs are to await the outcome of the suit.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WATKINS and LeBLANC, JJ., concur for additional reasons assigned.

. A tying provision is an agreement by a party to sell or, as asserted here, to lease one product only on the condition that the buyer also purchase a specific or tied product or service. When tying agreements "are successful, competition on the merits with respect to the tied product is inevitably curbed.” These agreements “can rarely be harmonized with the strictures of the antitrust laws.” 54 Am.Jur.2d Monopolies § 59 (1971).