McClendon, J.
lain this workers’ compensation case, the employer appeals from a judgment that awarded the claimant penalties and attorney fees. The claimant answered the appeal, seeking additional attorney fees for defending the appeal. For the following reasons, we reverse that part of the judgment that awarded penalties and attorney fees and deny the answer to the appeal.
FACTS AND PROCEDURAL HISTORY
The claimant, Gregory Crow, was employed by St. Tammany Parish Government (STPG) as a budding inspector on September 21, 2004, when he injured his back during the course of his employment. Mr. Crow tried to return to work, but after a few months stopped working. STPG paid temporary total disability (TTD) benefits thereafter beginning on March 28, 2005. Mr. Crow has not returned to work.
On November 14, 2012, Mr. Crow filed a Disputed Claim for Compensation, asserting a bona-fide dispute and requesting permanent total disability (PTD) status. He also asked for costs, penalties, interest, and attorney fees. After a trial on August 20,2015, the Office of Workers’ Compensation (OWC) determined Mr. Crow to be permanently and totally disabled “since at least 2012.”[2] The OWC also found that STPG had continued to pay to Mr. Crow TTD benefits without interruption, but that it had continued to dispute Mr. Crow’s right to the status of PTD and, therefore, awarded attorney fees in the amount of $4,000.00 and a penalty in the amount of $1,000.00 against STPG. STPG appealed, assigning as error the OWC’s award of penalties and attorney fees. Mr. Crow answered the appeal, seeking additional attorney fees associated with this appeal.
^discussion
The underlying purpose of workers’ compensation laws is to facilitate prompt payments to an injured worker. Hebert v. Jeffrey, 95-1851 (La. 4/8/96), 671 So.2d 904, 906 (citing Ledet v. Hogue, 540 So.2d 422, 425 (La.App. 1 Cir. 1989)). Total disability, whether permanent or temporary, means the inability to engage in any gainful occupation, whether or not it is the same or one similar to that in which the employee was customarily engaged when injured. LSA-R.S. 23:1221(l)(a) and (2)(a); Young v. City of Gonzales, 14-1299 (La.App. 1 Cir. 3/12/15), 166 So.3d 1070, 1073. A workers’ compensation claimant seeking temporary or permanent *469 total disability benefits bears the burden of proving, by clear and convincing evidence, his inability to engage in any type of employment. Iberia Medical Center v. Ward, 09-2705 (La. 11/30/10), 53 So.3d 421, 432; Buxton v. Iowa Police Dept., 09-0520 (La. 10/20/09), 23 So.3d 275, 288.
Awards of penalties and attorney fees in workers’ compensation cases are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. Iberia Medical Center, 53 So.3d at 433-34. Although the Workers’ Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed. Id.
Louisiana Revised Statutes 23:1201 provides the authority for assessing attorney fees and penalties in this matter. Subsection F covers situations in which the employer failed to commence, or recommence, payment of benefits timely, to pay continued installments timely, or to pay medical benefits timely.[3] See Nitcher v. Northshore Regional Medical Center, 11-1761 (La.App. 1 Cir. 5/2/12), 92 So.3d 1001, 1010, writ denied, 12-1230 (La. 9/21/12), 98 So.3d 342. Under this statutory provision, penalties and attorney fees are recoverable unless the claims were reasonably controverted. See LSA-R.S. 23:1201F(2).
In its appeal, STPG asserts that the OWC erred as a matter of law in awarding penalties and attorney fees. It avers that there was neither an act nor a failure to act by STPG that contravened the payment requirements of LSA-R.S. 23:1201. Although Mr. Crow does not dispute that he has received indemnity benefits without interruption since March 28, 2005, he argues that STPG failed to recognize his PTD status or to reasonably controvert his claim for PTD status. Specifically, he contends that under the clear language of LSA-R.S. 23:1201B, permanent total disability benefits were due when STPG had knowledge of his PTD status in 2012, and because STPG continued to pay him TTD benefits, rather than PTD benefits, until the trial of this matter, penalties and attorney fees under LSA-R.S. 23:1201F were properly awarded to him. Mr. Crow does not dispute that the monetary amount of TTD benefits and PTD benefits are identical.
Louisiana Revised Statutes 23:1201B provides:
*470 The first installment of compensation payable for temporary total disability, permanent total disability, or death shall become due on the fourteenth day after the employer or insurer has knowledge of the injury or death, on which date all such compensation then due shall be paid.
Because this matter involves the interpretation of a statute, it is a question of law, and is thus reviewed under a de novo standard of review. Thibodeaux v. Donnell, 08-2436 (La. 5/5/09), 9 So.3d 120, 122. The starting point in the interpretation of any statute is the language of the statute itself. Red Stick Studio Development, L.L.C. v. State ex rel. Dept. of Economic Development, 10-0193 (La. 1/19/11), 56 So.3d 181, 187. Generally, courts begin such an interpretation with the premise that legislation is the solemn expression of legislative will, and that the interpretation of a law involves a search for the legislature’s intent. LSA-C.C. art. 2; Falgout v. Dealers Truck Equipment Co., 98-3150 (La. 10/19/99), 748 So.2d 399, 401. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. However, when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. Moreover, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. Red Stick Studio Development, L.L.C., 56 So.3d at 187-88.
Looking at the language of LSA-R.S. 23:1201, Subsection B plainly refers to the timely payment of the “first installment of compensation” that is due upon knowledge of the injury, not upon knowledge of whether it is for TTD or PTD benefits. It is uncontroverted that STPG began compensation payments timely. Further, Subsection F refers to the “failure to provide payment in accordance with this Section” and imposes a penalty for “any unpaid compensation ... benefits” and for “any and all compensation ... benefits” that “remain unpaid.” Mr. Crow does not assert a failure to pay compensation benefits, nor does he challenge the timeliness of any payments made. There simply is no evidence of a failure to provide compensation payments in accordance with LSA-R.S. 23:1201. Since 2005, Mr. Crow has received the maximum benefits to which he is entitled. Considering the purpose of the Workers’ Compensation Act and the penal nature of LSA-R.S. 23:1201F, as well as the clear language of LSA-R.S. 23:1201, we cannot find a “failure to provide payment” under the requirements of LSA-R.S. 23:1201 that would permit the assessment of penalties and attorney fees under Subsection F.[4] Accordingly, we conclude that the owe committed legal error in imposing penalties and attorney fees, and that portion of the judgment must be reversed.
*471 Lastly, in answer to the appeal, Mr. Crow requested that this Court award additional attorney fees for the work performed by counsel in defending the appeal. | ^Because we reverse the award of penalties and attorney fees, we also deny the relief requested by Mr. Crow in his answer to the appeal.
CONCLUSION
For the foregoing reasons, we reverse that part of the September 28, 2015 judgment that awarded penalties and attorney fees to the claimant. In all other respects, the judgment is affirmed. We also deny the request for attorney fees in Mr. Crow’s answer to the appeal. All costs of this appeal are assessed to the appellee, Gregory Crow.
REVERSED IN PART; AFFIRMED IN PART; ANSWER TO APPEAL DENIED.
Whipple, C.J. concurs, finding that the employer reasonably controverted the claim
Guidry, J. Dissents and will assign reasons.
Calloway, J., dissents in part and would award attorney fees on appeal

. Prior to trial, the parties entered into the following Joint Stipulations For Trial:
1. Claimant, Gregory Crow, was employed by Employer on the date of the alleged accident, September 21, 2004;
2. Claimant had an accident in the course and scope of his employment and that arose out of his employment with Employer on September 21, 2004;
3. Claimant suffered an injury to his back as a result of said accident;
4. Payment of Loss Time/Indemnity Payments began on 3/28/2005; and
5. Indemnity benefits paid by STPG to Gregory Crow total to the date of trial $238,021.71.

. Louisiana Revised Statutes 23:1201F provides, in pertinent part:
Except as otherwise provided in this Chapter, failure to provide payment in accordance with this Section ... shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid ... together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars.
⅜ * *
2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control. Additionally, we note that pursuant to LSA-R.S, 23:12011, penalties and attorney’s fees are also recoverable when an employer discontinues payment of claims due, when such discontinuance is found to be arbitrary, capricious, or without probable cause. However, since it is undisputed that payments have not been discontinued, Subsection I is not applicable in this matter.

. Even were we to somehow find merit in Mr. Crow’s argument, we would still find LSA-R.S. 23:1201F inapplicable as the claim was reasonably controverted by STPG. The record shows that while Mr. Crow made his claim in 2012, on March 26, 2014, Dr. Chad M. Do-mangue, Mr. Crow’s treating physician, stated to Becky Riecke, the vocational rehabilitation counselor, that Mr. Crow was capable of sedentary work under certain conditions. It was not until August 3, 2015, when Dr. Domangue responded to written questions from Mr. Crow’s counsel, that Dr. Domangue considered Mr. Crow to be permanently and totally disabled. Thus, it was not until shortly before trial that evidence was presented that Mr. Crow’s disability status was considered permanent and total.