SANDERS, Justice.
 

 In this proceeding, the plaintiff seeks to be decreed the owner and to be granted the undisturbed possession of a certain plot of land located in Vermilion Parish. The district court sustained an exception of no cause of action and dismissed the suit. The court of appeal
 
 [1]
 
 affirmed the judgment upon a holding that the plaintiff could not proceed under the Uniform Declaratory Judgments Act (LSA-R.S. 13:4231-13:4246) since its petition sets forth grounds for a petitory action.
 

 In its application for writs, plaintiff asserted that this holding is in conflict with the case of Succession of Rickerfor, La. App., 120 So.2d 320, in which this Court denied writs. After consideration, we granted certiorari in the present case to review the judgment of the court of appeal.
 

 In its opinion, the court of appeal correctly stated:
 

 “The allegations of the petition show that the plaintiff claims title to certain described property under a deed, a copy of which is attached to the petition; and that the defendant has possession of the realty claimed and has refused to surrender it to the plaintiff after . demand.” [120 So.2d 545].
 

 However, in our opinion, the court erroneously concluded:
 

 “Since under Code of Practice Articles 5 and 43-45 a petitory action is available to a non-possessor claiming recognition of his title against one in possession of the property claimed, the trial court held that the plaintiff could not proceed by a declaratory judgment action and dismissed the plaintiff’s, suit, citing Burton v. Lester, 227 La. 347, 79 So.2d 333.
 

 “The trial court’s action was correct and must be affirmed.”
 

 The court of appeal held that the present proceeding cannot be characterized as. a petitory action when the prayer of the-petition specifically limits the relief demanded to a judgment “in keeping with the-provisions of La.R.S. [13:] 4231 et seq. * * We cannot agree with this holding. The petition additionally seeks judgment:
 

 “ * * * in favor of plaintiff, Erath Sugar Company, Ltd. and against defendant herein, Aliface Broussard, declaring and adjudging plaintiff to be the owner of the following described property and as such entitled to the possession thereof against defendant according to law. * * *
 

 “Plaintiff further prays that defendant be ordered and condemned to re
 
 *954
 
 move any disturbance to plaintiff therefrom, granting plaintiff the complete ownership and use of same and declaring these rights accordingly between the parties; plaintiff further prays for all general and equitable relief ‡ * ‡»
 

 The system of fact pleading prevails in Louisiana. Under this system, pleading is the “handmaid rather than the mistress” of justice. Unduly harsh or technical rules of pleading are not favored. Each pleading must be reasonably construed so as to afford the litigant his day in court, arrive at the truth, and do substantial justice. West v. Ray, 210 La. 25, 26 So.2d 221; Seale v. Stephens, 210 La. 1068, 29 So.2d 65; Florida Molasses Co. v. Berger, 220 La. 31, 55 So.2d 771; Breaux v. Laird, 230 La. 221, 88 So.2d 33. The characterization of the action by the parties is not controlling. State ex rel. Matt v. Rightor, 37 La.Ann. 843; Pfister v. St. Bernard Cypress Co., Limited, 155 La. 575, 99 So. 454; Schoultz v. Keller, 10 La.App. 138, 120 So. 232. In the present case, the respondent concedes, both in brief and argument, that all of the essential allegations of a petitory action are present in the petition. The prayer clearly seeks executory and coercive relief characteristic of a direct action. A consideration of the petition leads to the inevitable conclusion that the proceeding is in fact a petitory action. The recitals of the petition relating to the declaratory judgments act
 
 [2]
 
 must be treated as surplusage. They do not vitiate the pleading since it is otherwise sufficient for a petitory action. The case of Succession of Riclcerfor, supra, announces a salutary rule which is here adopted as decisive of the issue presented. Therein it was held:
 

 “Therefore, while the plaintiffs, through an error of semantics, may have designated this as a suit requesting declaratory relief, in reality and actuality it was a direct action and judgment rendered herein, which not only declared plaintiffs to be the owners of the stock but ordered the return thereof to them upon payment to the defendant of the amount reflected by the note, confirms this fact.” [120 So. 2d 323],
 

 For the reasons assigned, the judgment of the district court and the court of appeal, dismissing plaintiff’s suit, is reversed and set aside, and the case is remanded to the district court for proceedings consistent herewith. Costs of the proceedings in this Court are to be paid by defendant. All other costs are to await the final disposition of the cause.
 

 SUMMERS, J., recused.
 

 [1]
 

 . 120 So.2d 544.
 

 [2]
 

 . Inasmuch as this action is maintainable under the present jurisprudence, the question of the applicability of Article 1871 of the LSA-Code of Civil Procedure (Act 15 of 1960) effective January 1, 1961, is pretermitted.