245 So.2d 383

**Anthony ESCHETE**

**v.**

**CITY OF NEW ORLEANS et al.**

**No. 50482.**

Feb. 24, 1971.

Rehearing Denied March 29, 1971.

Reed, Reed & Reed, Floyd J. Reed, New Orleans, for plaintiff-appellant.

Blake G. Arata, City Atty., Leo W. Rousselle, Asst. City Atty., for defendant-appellee.

SANDERS, Justice.

The question before us in this damage suit is whether the petition states a cause of action against the City of New Orleans. We hold that it does.

Mr. and Mrs. Anthony Eschete filed suit against the City of New Orleans and Sewerage and Water Board of New Orleans for damages to their home and for personal injuries caused by the flooding of the Pines Village Subdivision. After the court had sustained an exception of vagueness, the plaintiffs filed a supplemental petition. The City of New Orleans then filed a peremptory exception of no cause of action. The district court maintained the exception and dismissed the suit as to the City of New Orleans. The Court of Appeal affirmed. 231 So.2d 725.

We granted certiorari to review the judgment of the Court of Appeal. 255 La. 1096, 234 So.2d 193.

■　Liberal rules of pleading prevail in Louisiana. Each pleading should be so construed as to do substantial justice. LSA–C.C.P. Art. 865. When it can reasonably do so, the court should maintain a petition so as to afford the litigant an opportunity to present his evidence. Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776, and the authorities therein cited.

In ruling upon the peremptory exception of no cause of action, all well pleaded facts in the petition must be taken as true. If the allegations set forth a cause of action in any respect, the exception must be overruled.

In Elliott v. Dupuy, 242 La. 173, 135 So. 2d 54, we stated:

"It is well settled that an exception of no cause of action addresses itself to the sufficiency in law of the petition and is triable on the face of the papers; that for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true, and

that a suit will not be dismissed on exception of no cause of action if allegations of fact set forth a cause of action as to any part of the demand."

The contested petition alleges that the City of New Orleans, through its agents and employees, had known of the "dangerous drainage situation" in the Pines Village area for many years. Knowing in advance that the authorization of new subdivisions in the area would cause flooding, the City of New Orleans has "deliberately, and therefore maliciously" authorized new subdivisions causing flooding during "any ordinary heavy rain fall," thereby increasing plaintiffs' peril. The petition describes the damages resulting from the flooding.

■ In essence, the plaintiffs allege that the adding of the new subdivisions that overtaxed the drainage system was the wilful act of the City.

Article 2315 of the Louisiana Civil Code provides:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it."

Under this Article, the elements of a cause of action are fault, causation, and damage. The petition contains all of these elements. The City had the power to grant or withhold subdivision permits. Knowing that the granting of the new permits would result in flooding, it nonetheless granted them. In the flooding, the petitioners sustained the damages described in the petition.

The City of New Orleans seeks to avoid the effect of these allegations by asserting that it has no control over drainage and that, under LSA–R.S. 33:4071, such drainage is the sole responsibility of the Sewerage and Water Board. Assuming that the statute does vest the responsibility for drainage in the Sewerage and Water Board, the cause of action against the City is unaffected. The plaintiffs are seeking to hold the City, not for failing to provide adequate drainage, but for fault in adding new subdivisions, thus increasing the volume of water in the drainage area. In effect, according to the petition, the power to grant or withhold consent for new subdivisions in the Pines Village drainage area effectively controlled the volume of water being discharged in that area.

For its fault, the City may be held liable. Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529. See also Hamilton v. City of Shreveport, La.App., 180 So.2d 30. In our opinion, the petition sets forth a cause of action. Plaintiffs are therefore entitled to produce evidence, if they can, in support of the allegations.

For the reasons assigned, the judgment of the Court of Appeal is reversed, the exception of no cause of action is overruled, and the case is remanded to the Civil District Court of the Parish of Orleans for further proceedings according to law. All

costs in this Court and the Court of Appeal are assessed against the defendant City of New Orleans. All other costs are to await the outcome of the suit.