346 So.2d 193 (1977)
V. L. HASKINS
v.
Ben J. CLARY, Superintendent of Utilities, John W. Perritt and John F. Emory, et al.
No. 58896.
Supreme Court of Louisiana.
May 16, 1977.
*194 Hale M. Walker & O. L. Waltman, Jr., Waltman, Napper & Madden, Ruston, for defendants-appellees.
Bobby L. Culpepper, Baker, Culpepper & Brunson, Jonesboro, for plaintiff-appellant.
DENNIS, Justice.
J. L. Haskins brought this action against the City of Ruston and its Superintendent of Utilities, Ben J. Clary, for damages in the amount of $15,000, resulting from an alleged breach of contract by the City. The trial court sustained defendants' exception of no cause of action and dismissed plaintiff's suit; the court of appeal affirmed, 338 So.2d 166. We granted certiorari to consider whether the lower courts' decisions were based solely upon deficiencies appearing from the face of plaintiff's petition. Finding that they were not, we reverse in part and affirm in part.
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the papers. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Pence v. Ketchum, 326 So.2d 831 (La.1976); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968).
Liberal rules of pleading prevail in Louisiana and each pleading should be so construed as to do substantial justice. La. C.C.P. art. 865; Pence v. Ketchum, supra; Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971). When it can *195 reasonably do so, the court should maintain a petition so as to afford the litigant an opportunity to present his evidence. Pence v. Ketchum, supra; Hero Lands Company v. Texaco, Inc., supra; Eschete v. City of New Orleans, supra; Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776 (1961).
Plaintiff's petition alleged in substance: that he had negotiated a verbal contract with the City of Ruston through its authorized agent, Ben J. Clary, whereby the City agreed to convey to plaintiff a large transformer as compensation for his obtaining a purchaser for generating equipment which the City desired to sell; that he located a buyer; but that the City, in violation of its verbal agreement with plaintiff, conveyed to the buyer, along with the other equipment sold pursuant to an ordinance adopted for the transaction, the transformer which had been promised to plaintiff.
Defendants' exception of no cause of action was based on the failure of plaintiff's petition to allege compliance with La.R.S. 33:4712, which provides that before a municipality may dispose of property not needed for public purposes, an ordinance must be introduced setting forth the terms of the transaction, and notice of the proposed ordir nance must be advertised to afford citizens an opportunity to oppose its adoption or to apply to the court for restraint of the disposition. While this argument may constitute a valid defense on the merits, it is not properly raised in an exception of no cause of action because it calls upon the court to assume facts favorable to the defendants which are not contained in the petition.
Louisiana Code of Civil Procedure Article 931, which prohibits the introduction of evidence to support or controvert the objection that the petition fails to state a cause of action, limits the availability of such an objection as a vehicle for affirmative defenses to those which are disclosed by the petition itself. See, Steeg v. Lawyer's Title Insurance Corporation, 329 So.2d 719 (La.1976); American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970); Roloff v. Liberty Mutual Insurance Company, 191 So.2d 901 (La.App. 4th Cir. 1966); Smith v. Williams, 152 La. 948, 94 So. 859 (1922); McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L. Rev. 17 (1934-35).
The general rule applicable to trial of such exceptions is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings. West v. Ray, 210 La. 25, 26 So.2d 221 (1946); Babineaux v. Southeastern Drilling Corp., 170 So.2d 518 (La.App. 3d Cir. 1965). Because a petition is subject to more than one interpretation or is vague, does not mean that it is fatally deficient. A vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action. Brunson v. Mutual Life Ins. Co. of N. Y., 189 La. 743, 180 So. 506 (1938); Goldsmith v. Virgin, 122 La. 831, 48 So. 279 (1909).
Of course, plaintiff's petition is fraught with vagueness and from it a reasonable inference may be drawn that no ordinance was adopted authorizing the city to sell him the transformer. Nevertheless, the allegations admit to other reasonable hypotheses under which the plaintiff would have a cause of action, e. g., that the ordinance pursuant to which the city sold the transformer to plaintiff's principal was drawn broadly enough to serve also as authority for its sale to plaintiff; or that the city adopted a second ordinance authorizing sale of the transformer to him.
Plaintiff was not required to negate in his petition the myriad of possible arguments assailing the validity of the alleged contract. He specifically alleged that a contract had been entered into and breached by the city. This was sufficient to state a cause of action.
However, we find that the exception was properly maintained as to Ben J. Clary, individually. Plaintiff's petition alleges that Clary participated in the contract negotiations *196 as an authorized agent for the City, but does not assert that Clary bound himself personally in the agreement. Louisiana Civil Code Article 3013 states:
"The mandatary is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers."
Since plaintiff did not claim any personal responsibility on Clary's part, the suit was correctly dismissed with respect to this defendant.
For the reasons assigned the judgment of the court of appeal sustaining the exception of no cause of action against the City of Ruston is reversed and the exception is overruled; the judgment sustaining the exceptions against Ben J. Clary in his individual capacity is affirmed; and the case is remanded to the district court for further proceedings according to law. All costs in this Court and the court of appeal are assessed against the defendant City of Ruston. All other costs are to await the outcome of the suit.