363 So.2d 711 (1978)
Louis HENSON
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY.
No. 61846.
Supreme Court of Louisiana.
October 9, 1978.
Rehearing Denied November 9, 1978.
*712 Donald S. Zuber, Seale, Smith & Phelps, Baton Rouge, for defendant-applicant.
David C. Kimmel, Harroun, Kimmel, Matuschka & McGowin, Baton Rouge, for plaintiff-respondent.
DENNIS, Justice.
This is a patient's suit against his physician's insurer to recover for damage sustained as the result of a surgical operation. The defendant's exception of prescription was sustained by the trial court. The plaintiff appealed and the court of appeal reversed. 354 So.2d 612 (La.App.1st Cir. 1977). We granted writs to review questions raised by the court of appeal opinion about the nature of plaintiff's cause of action and the applicability of the prescription of ten years. After careful consideration of the record in the case, however, we conclude that the exception of prescription, which was tried on the face of the pleadings, should have been overruled because defendant failed to introduce any evidence in support of it. Accordingly, we affirm for different reasons and do not reach the questions which caused our initial concern with the court of appeal opinion.
The plaintiff's petition contained the following allegations: Dr. Robert A. Peden performed surgery upon plaintiff on July 5, 1973 to remove polyps from his nasal passages. The surgeon informed him that the numbness and periodic severe pain in the left side of his face after the surgery "was normal and would cease in time." Despite continued treatment by Dr. Peden the symptoms persisted. Plaintiff was repeatedly informed by both Dr. Peden and "another consultant physician" that the "sensations would abate." Plaintiff consulted a Dr. Cox in October, 1974 after selecting his name from a list of several physicians supplied by Dr. Peden. Dr. Cox informed plaintiff "that he should wait six or eight months and the condition might improve."
Plaintiff filed suit on February 19, 1976 against Dr. Peden's insurer alleging that he had negligently performed the operation stretching a nerve in plaintiff's face and causing the painful symptoms. In his petition plaintiff averred that Dr. Peden did not inform him of the possible consequences of the operation but warranted that it would produce a satisfactory result without any ill effects. Plaintiff alleged that he *713 would not have consented to the operation had he known it could result in a stretched nerve.
The trial court found that the prescriptive period on the plaintiff's tort claim commenced running when the plaintiff consulted Dr. Cox in October, 1974. The appellate court affirmed this finding on the basis of an allegation in plaintiff's petition that Dr. Cox had informed him that his condition "might" improve in six to eight months. The court reasoned that prescription commenced at that time because the plaintiff was put on notice by the information that his condition possibly would not improve.
A party's pleadings are to be so construed as to do substantial justice. La. C.C.P. art. 865; Haskins v. Clary, 346 So.2d 193 (La. 1977); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La. 1975). When it can reasonably do so, a court will maintain a petition against a peremptory exception so as to afford the plaintiff an opportunity to present his evidence. Cf. Haskins v. Clary, supra; Eschete v. City of New Orleans, 258 La. 134, 245 So.2d 383 (1971); LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727 (1966).
There is a reasonable construction of the plaintiff's pleadings under which the petition may be maintained by applying the maxim "contra non valentem agere, non currit prescripto." Orleans Parish School v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972); Dalton v. Plumbers and Steamfitters Local Union No. 60, 240 La. 246, 122 So.2d 88 (1960); see Comment, The Scope of the Maxim Contra Non Valentem in Louisiana, 12 Tul.L.Rev. 244 (1938). Basically, prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring suit, as long as such ignorance is not willful and does not result from his neglect. Dean v. Hercules, Incorporated, 328 So.2d 69 (La. 1976); Walter v. Caffall, 192 La. 447, 188 So. 137 (1939); Bewley Furniture Co. v. Maryland Casualty Co., 271 So.2d 346 (La. App.2d Cir. 1972), amended 285 So.2d 216 (La. 1973); see Tuminello v. Mawby, 220 La. 733, 57 So.2d 666 (1952).
The record in the instant case consists merely of pleadings and briefs. No evidence was introduced by the defendant to show that plaintiff was apprised by Dr. Cox of facts which would have entitled him to bring suit. The petition is actually ambiguous as to whether Dr. Cox told him that his condition "might" or "would" improve within six to eight months. Even if the plaintiff was informed that his condition "might" improve within six or eight months, this fact alone would not entitle him to bring suit. There is no indication in the petition that Dr. Cox informed the plaintiff that he had sustained a permanent injury, that a convalescent period longer than six or eight months was abnormal, or that his symptoms pointed to a faulty operation. Nor was there anything in the pleadings to indicate that plaintiff would have learned any additional facts had he consulted other physicians. Under these circumstances, it is reasonable to infer from the petition that the plaintiff did not have knowledge of the existence of facts that would entitle him to bring suit until eight months elapsed without abatement of the symptoms following his visit to Dr. Cox. Under this construction of the petition, the prescriptive period would not have elapsed before the filing of suit, regardless of whether the prescription of one year or ten years is applicable.
Accordingly, the decision of the court of appeal is affirmed and the cause is remanded to the trial court for further proceedings. The defendant is cast for costs of this review.
SANDERS, C. J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
Plaintiff filed suit on February 19, 1976, against Dr. Peden's insurer alleging that he had negligently performed the operation (July 5, 1973) stretching a nerve in plaintiff's face causing the painful symptoms. I consider that the one-year prescriptive period *714 applies to this action. La.Civil Code art. 3536; Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (1963); Steel v. Aetna Life & Casualty, 304 So.2d 861 (La.App.3d Cir. 1974), writ denied, 315 So.2d 144 (La. 1975). It is well settled that, upon trial of a preemptory exception pleaded at or prior to the trial of the case, evidence may be introduced to prove the claim has or had not prescribed. La.Code Civ.P. art. 931. Generally, the burden of proof rests upon the party pleading prescription. However, when the claim is prescribed on its face, the burden of proof that prescription has been interrupted, suspended or did not commence to run is on the plaintiff. Accordingly, in the instant case, plaintiff should have offered proof that prescription did not run against him because he was ignorant of the existence of facts that would entitle him to bring suit under the doctrine of "contra non valentem agere, non currit prescripto." Hence, I consider that the trial judge correctly sustained the exception of prescription in this case. I respectfully dissent.