GUIDRY, Judge.
Plaintiffs, Linda Boyd Clingan, Curtis Michael Doughty, Janet Althea Doughty and Amy Doughty Boothe, filed a petition entitled “Petition For Declaration of Mineral Interest Ownership” against Larry Joe Doughty and Joyce Sanson Doughty, seeking to have the court declare viable a royalty interest which they (plaintiffs) had reserved in a sale of certain property to the defendants. In response to plaintiffs’ petition, defendants’ filed an exception of no cause of action. The trial court sustained the exception and plaintiffs’ suit was ordered dismissed with prejudice. Plaintiffs appeal.
The facts which we must accept as true in considering the exception of no cause of action are set out in the plaintiffs’ petition as follows. On December 7, 1972, plaintiffs conveyed to defendants, Larry and Joyce Doughty, a 50 acre tract of land in Catahoula Parish described as follows:
“The Northwest Quarter of the Southeast Quarter (NW/4 of SE/4) and the North Half of the East Half of the Northeast Quarter of the Southwest Quarter (N/2 of E/2 of NE/4 of SW/4) of Section 22, T8N R6E, containing in the aggregate 50 acres, more or less.
Together with all buildings and improvements appertaining thereto.”
In the deed of conveyance, the plaintiffs made a reservation of royalty interest, which reads as follows:
“LESS AND EXCEPT, however, and reserving unto vendor, their heirs, successors and assigns, the royalty interest which they presently own in and to all oil, gas and other minerals in and under and that certain oil well known as ‘Sikes-Doughty’ Unit, Madisonville Terminal corporation (now Rock Island Oil and Refining Company, Inc.), D.O. # 9341, situated on the following described lands:
South Half of Southwest quarter of Northeast Quarter (S/2 of SW/4 of NE/4) and North Half of Northwest Quarter of Southeast Quarter (N/2 of NW/4 of SE/4) of Section 22, T8N R6E, Catahoula Parish, Louisiana.”
*471 Accepting the allegations of the plaintiffs’ petition as written, at least a portion of the property conveyed was included in a producing unit known as the “Sikes-Doughty Unit”, Madisonville Terminal corporation (now Rock Island Oil and Refining Company, Inc.), D.O. #9341.[1] In Article IV of their petition, plaintiffs allege that they reserved a one-eighth (⅛⅛) royalty interest which was owned one-half (⅛) by Linda Boyd Clingan and one-sixth (V6th) each by Curtis Michael Doughty, Janet Althea Doughty and Amy Doughty Boothe.
According to plaintiffs’ petition, at the time of conveyance, the unit well was in production and continued to produce until July, 1982, when it was shut in. Plaintiffs next allege that under the terms of the mineral lease which affected the lands situated within the unit, in order for the lease to be maintained in continued force and effect, the lessee was required to undertake good faith efforts to restore production within sixty days of the well’s cessation of production.[2]
Plaintiffs next allege that, prior to the expiration of that sixty day period, pursuant to a verbal agreement between plaintiffs, the mineral lessee and the defendant mineral owners, it was agreed that a new lease would be granted by defendants to the lessee, the result of which would permit the lessee a longer period of time within which to restore production. Plaintiffs further allege that, pursuant to this verbal understanding, it was agreed that defendants would grant a new lease to the lessee, reserving a 7/32nd lease royalty, 4/32nd of which would be reconveyed to the plaintiffs. Plaintiffs further allege that a new lease agreement was entered into between defendants and the mineral lessee under the terms of which lease production was restored, albeit more than 60 days after cessation of production. Plaintiffs finally allege that defendants have refused to convey to them their 4/32nd royalty interest in the unit production pursuant to the verbal agreement and, except for the reliance by all parties on said agreement, the mineral lessee would have restored production from the “Sikes-Doughty” well within the sixty day period.
In the prayer of their petition and in argument to the trial court, plaintiffs relied on this verbal agreement in requesting the court to recognize their 4/32nd royalty interest in the production from the “Sikes-Doughty” unit.
In support of their exception of no cause of action, defendants urged that plaintiffs could not assert ownership of a mineral right solely on the basis of an oral agreement. In sustaining defendants’ exception of no cause of action, the trial court stated:
“The Supreme Court has held in Hayes v. Muller [245 La. 356], 158 So.2d 191 (La.1963), that an agreement affecting mineral leases could not be proved by parole evidence. This well established rule has been followed in many cases, including Guy Scroggins, Inc. v. Emerald Exploration, 401 So.2d 680 (3rd Cir.1981)[3] and Wilkins v. Hogan Drilling Co., Inc., 424 So.2d 420 (2nd Cir.1982), which are cases containing many similarities to the case at point. Clearly, a transfer of an interest in mineral rights cannot be the subject to [sic] a verbal agreement, and it cannot be proved by parole evidence. Parole evidence cannot be used to prove title to any mineral right or prove any claim for or interest in the revenues from a mineral right.
Therefore, since Plaintiffs’ petition does not allege a written agreement, it fails to state a cause of action and Defendants’ Exception of No Cause of Action is sustained.”
The trial court thereafter allowed plaintiffs thirty days in which to amend their petition to set forth a cause of action.
*472 In their amended petition, plaintiffs reasserted their allegations of fact from the initial petition and thereafter set forth a claim for damages allegedly sustained by them due to the defendants’ breach of a verbal agreement to convey to plaintiffs a 4/32nd royalty interest in the “Sikes-Doughty” unit. The defendants again responded to this petition with an exception of no cause of action, asserting that the defendants owed no duty to the plaintiffs to honor the alleged verbal agreement. A hearing on the exception was held on November 29, 1984. By judgment dated February 25,1985, the trial court sustained the defendants’ exception of no cause of action and dismissed plaintiffs’ suit.
The purpose of the exception of no cause of action is to test the legal sufficiency of the petition. In Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975), the Supreme Court stated as follows:
“The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well-pleaded allegations of fact is conceded, the issue is whether the face of the petition presents a case which legally entitles the mover to the redress sought. It is the sufficiency of the petition or motion in law which is ■ put at issue by the exception. Rebman v. Reed, 286 So.2d 341 (La.1973); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968).
If a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Louisiana & Arkansas Railway Company v. Goslin, 258 La. 530, 246 So.2d 852 (1971); Burns v. Genovese, 254 La. 237, 223 So.2d 160 (1969); Little v. Haik, 246 La. 121,163 So.2d 558 (1964); Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); United Mine Workers v. Arkansas Oak Flooring Co., 238 La. 108, 113 So.2d 899 (1959).
In considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in
favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Es-chete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971); Erath Sugar Co. v. Broussard, 240 La. 949, 125 So.2d 776 (1961). Pleadings must be reasonably construed so as to afford litigants their day in court, to arrive at the truth and to avoid a miscarriage of justice. Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297 (La.1973).”
In discussing the liberal treatment to be afforded pleadings in Louisiana, the Supreme Court in Teachers’ Retirement System of Louisiana v. Louisiana State Employees’ Retirement System, 456 So.2d 594 (La.1984), held:
“Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. La.C.C.P. art. 865. Hero Land Co. v. Texaco, Inc., 310 So.2d 93 at 96 (La.1975); Haskins v. Clary, 346 So.2d 193,195 (La.1977); Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297, 302 (La.1973). Articles of the Code of Civil Procedure are to be construed liberally and with due regard for the fact that forms of procedure implement the substantive law and are not an end in themselves. La.C.C.P. art. 5051; Lambert v. Donald G. Lambert Construction Co., 370 So.2d 1254, 1255 (La.1979). An earlier Court stated it well: “Pleading is the ‘handmaid rather than the mistress’ of justice.” Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776, 777 (1961). When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Henson v. St. Paul Fire and Marine Ins. Co., 363 So.2d 711 (La.1978); Haskins v. Clary, supra; Eschete v. City of New Orleans, 258 La. 133, 134, 245 So.2d 383 (1971) Erath Sugar Company v. Broussard, supra; LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727 (1966).”
*473 At the outset, we note that we fully agree with the trial court that parol evidence cannot be used to prove title to mineral rights nor to prove a claim for or interest in the revenues from a mineral right. We also agree with the trial court’s finding that plaintiffs do not have a cause of action in damages against defendants for the latters alleged breach of a verbal agreement to transfer a royalty interest to them. Guy Scroggins, Inc., supra; Wilkins, supra; La.R.S. 81:16. However, considering plaintiffs’ pleadings liberally, especially in light of the reservation clause contained in the 1972 conveyance of land from plaintiffs to defendants, we are unable to agree with the trial court’s conclusion that plaintiffs’ petition fails to state a cause of action.
The exception of no cause of action should be overruled if any part of the petition can withstand the exception. Moore, Romero & Co. v. Nan Corp., 458 So.2d 675 (La.App. 3rd Cir.1984). In the instant case, plaintiffs seek to be declared the owners of a royalty interest on the basis that the defendants had verbally agreed to reconvey such to the plaintiffs. Even though the plaintiffs’ claim to a royalty interest fails in this respect, we find there exists in plaintiffs’ petition a cause of action nonetheless.
As stated earlier, the plaintiffs made the following reservation in the 1972 sale of the subject property to defendants:
“LESS AND EXCEPT, however, and reserving unto vendor, their heirs, successors and assigns, the royalty interest which they presently own in and to all oil, gas and other minerals in and under and that certain oil well known as ‘Sikes-Doughty’ Unit, Madisonville Terminal corporation (now Rock Island Oil and Refining Company, Inc.), D.O. # 9341, situated on the following described lands:
South Half of Southwest quarter of Northeast Quarter (S/2 of SW/4 of NE/4) and North Half of Northwest Quarter of Southeast Quarter (N/2 of NW/4 of SE/4) of Section 22, T8N R6E, Catahoula Parish, Louisiana.”
The sale, wherein this reservation appears, is in writing and according to plaintiffs’ petition was recorded in the conveyance records of Catahoula Parish. If the royalty interest created by this reservation has not been extinguished, plaintiffs need not rely on any alleged verbal agreement for a judgment recognizing the viability of their interest.
In our view, the royalty reservation above quoted is ambiguous, as it is subject to more than one reasonable interpretation. Clearly, one reasonable interpretation would be that the vendors reserved the royalty interest then owned by them in that portion of the lands conveyed situated within the limits of the “Sikes-Doughty Unit” and the interest then owned by them in the production from the “Sikes-Doughty” unit well. This interpretation is supported by the placement of the word “and” before the phrase “that certain oil well ...”. Another possible interpretation would be that the parties intended that the vendors only reserved the royalty interest then owned by them in the production from the “Sikes-Doughty” unit well. However, if the latter interpretation is accorded the reservation, we observe that the language employed in the reservation is silent as to the term during which this reservation was to be effective. In this latter connection, plaintiffs’ reliance on the verbal agreement appears to indicate that either by intention or through an error of law plaintiffs considered that their reservation expired with the expiration of the lease agreement under which the “Sikes-Doughty” unit well was drilled, although the reservation clause makes no mention whatever of said lease.
La.R.S. 31:85[5] provides for the following five modes by which mineral royalties may be extinguished:
*474 “A mineral royalty is extinguished by:
(1) prescription resulting from non-use for ten years;
(2) confusion with the title out of which it was created;
(3) renunciation of the royalty right on the part of him to whom it is due, or the express remission of his right;
(4) expiration of the time for which the royalty right was granted or happening of the dissolving condition attached to the mineral royalty; or
(5) extinction of the right of him who established the mineral royalty, except that the extinction of a mineral servitude by inheritance or by any act of the servitude owner does not extinguish a royalty burdening the servitude unless the royalty owner is a party to the act or otherwise consents expressly and in writing to become bound by it.”
In light of La.R.S. 31:85, accepting as correct the allegations of fact set forth in plaintiffs’ petition, the royalty interest reserved by the vendors is viable unless the term for which the royalty right was granted has expired or a dissolving condition attached to the mineral royalty reservation has occurred. Clearly, plaintiffs’ mineral royalty interest has not been extinguished by prescription because plaintiffs have alleged that the “Sikes-Doughty” unit well was in production on December 7, 1972; such production continued until July, 1982; and, production from the well was restored prior to the institution of this suit on April 14, 1983.
When the terms of a written agreement are susceptible of more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed, parol evidence is admissible to clarify the ambiguity or show the intention of the parties. Bailey v. Adkins, 433 So.2d 212 (La.App. 3rd Cir.1983), writ denied, 441 So.2d 211 (La.1983); Thomas v. Knight, 457 So.2d 1207 (La.App. 1st Cir. 1984).
Since the 1972 royalty reservation of plaintiffs is in writing but ambiguous, we conclude that, considering the liberal treatment which must be accorded pleadings when considering an exception of no cause of action, plaintiffs’ petition does state a cause of action. We therefore reverse the judgment of the trial court and remand this matter for further proceedings consistent with the views expressed, with leave being allowed, after remand, for the filing of additional pleadings by the parties and such evidence as they desire to introduce pursuant thereto.
For the above and foregoing reasons, the trial court’s judgment sustaining defendants’ exception of no cause of action and dismissing plaintiffs’ suit is reversed and set aside. This matter is remanded to the trial court for action not inconsistent with the views expressed herein. All costs of this appeal are to be paid by defendants-ap-pellees. Costs at the trial level are to await a final determination of this matter.
REVERSED AND REMANDED.

.Presumably, the designation D.O. # 9341 refers to Division Order #9341 which describes the production unit.

. The mineral lease or leases under which the "Sikes-Doughty” unit well was drilled are not made part of the record.

. Writ denied, 404 So.2d 1257 (La.1981).

. The Louisiana Mineral Code, Title 31 of the Louisiana Revised Statutes of 1950, was adopted by the legislature by Acts 1974, No. 50 and became effective January 1, 1975. Although R.S. 31:85 did not take effect until after the execution of the 1972 sale, this statute is merely a codification of the prior jurisprudence in this area and does not change the law regarding the *474 extinguishment of mineral royalties. It is therefore applicable and binding in the present case. See La.R.S. 31:214.