501 So.2d 1059 (1987)
Marlene O. DIER, Plaintiff-Appellant,
v.
Orlando N. HAMILTON, Jr., et al., Defendants-Appellees.
No. 18384-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1987.
*1060 Carvel A. Sims, Baton Rouge, for plaintiff-appellant.
Hudson, Potts & Bernstein by Gordon L. James, Monroe, for defendants-appellees.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
JASPER E. JONES, Judge.
The plaintiff, Marlene O. Dier, appeals a judgment in this malpractice action sustaining an exception of no cause of action filed by defendant, attorney, Orlando N. Hamilton, Jr. We reverse.

Facts
The factual allegations of plaintiff's petition reflect the following sequence of events.
In March, 1972, Ward Brothers and Frank Ward obtained a judgment against Clinton Smith. The law firm of Hamilton and Carroll, of which defendant Hamilton is a member, represented the Wards in the matter and the judgment was subsequently recorded. At the time the judgment was rendered, Clinton Smith was married to plaintiff. In May, 1972, Leonard Ward, one of the Ward brothers, filed a petition in bankruptcy but failed to list the judgment against Smith as an asset.
In March, 1977, plaintiff purchased from her former husband, Clinton Smith, immovable property which was encumbered by the judgment. In June, 1977, Frank Ward and Ward Brothers filed a petition in bankruptcy, but failed to list the judgment as an asset. Hamilton's law firm did not represent the Wards in any of the bankruptcy proceedings, but Hamilton was aware they had been filed.
In 1980, plaintiff retained Hamilton to represent her as a plaintiff in connection with a boundary/malicious prosecution action involving the property in question. Judgment was rendered in favor of defendant in the suit in August, 1983. In September, 1981, Ward Brothers and Frank Ward assigned to North Louisiana Farmlands, Inc. (NLF) the judgment obtained against Clinton Smith encumbering the immovable. NLF is a corporation owned by Hamilton's law firm. Hamilton reinscribed this judgment on behalf of NLF on September 16, 1982.
In January, 1985, plaintiff's land was seized and sold in satisfaction of the judgment assigned to NLF. Plaintiff instituted *1061 the present suit seeking damages she sustained because of the seizure and sale of her property alleged to have been the result of Hamilton's malpractice. The trial court sustained an exception of no cause of action filed by Hamilton.
The sole issue on appeal is whether the trial court erred in granting Hamilton's exception of no cause of action.

Applicable Law
The exception of no cause of action raises the question of whether any remedy is afforded by law. It is triable on the face of the petition, all well-pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. LSA-C.C.P. arts. 927, 931; Evans v. Century Ready Mix Corp., 446 So.2d 860 (La.App. 2d Cir.1984); Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir.1980).
A claim for legal malpractice is stated when plaintiff alleges there was an attorney-client relationship, the attorney was guilty of negligence or professional impropriety in his relationship with the client and this misconduct caused plaintiff some loss. Evans v. Detweiler, 466 So.2d 800 (La.App. 4th Cir.1985). Ramp v. St. Paul Fire & Marine Ins. Co., 263 La. 774, 269 So.2d 239 (1972); Davis v. United Parcel Service, Inc., 427 So.2d 921 (La.App. 3d Cir.1983, writ den., 433 So.2d 1053 (La.1983); Lowe v. Continental Ins. Co., 437 So.2d 925 (La. App. 2d Cir.1983), writ den., 442 So.2d 460 (La.1983).
Where a client shows that his lawyer's professional impropriety has caused him some loss, the lawyer then has the burden of overcoming that client's prima facie case by showing the client could not have succeeded notwithstanding the impropriety. Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109 (La.1982); Lowe v. Continental Ins. Co., supra.
The Code of Professional Responsibility imposes a duty upon attorneys to disclose potential conflicts of interest.[1]Louisiana State Bar Ass'n v. Drury, 455 So.2d 1387 (La.1984).
In Haskins v. Clary, 346 So.2d 193 (La. 1977), the court stated:
"Liberal rules of pleading prevail in Louisiana and each pleading should be so construed as to do substantial justice. La.C.C.P. art. 865; Pence v. Ketchum [326 So.2d 831 (La. 1976)], supra; Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971). When it can reasonably do so, the court should maintain a petition so as to afford the litigant an opportunity to present his evidence. Pence v. Ketchum, supra; Hero Lands Company v. Texaco, Inc., supra; Eschete v. City of New Orleans, supra; Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776 (1961) ..."
"The general rule applicable to trial of such exceptions is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings. West v. Ray, 210 La. 25, 26 So.2d 221 (1946); Babineaux v. Southeastern Drilling Corp., 170 So.2d 518 (La.App. 3d Cir. *1062 1965). Because a petition is subject to more than one interpretation or is vague, does not mean that it is fatally deficient. A vague, uncertain, or indefinite "petition is subject to an exception of vagueness, but not to an exception of no cause of action ..." [emphasis added]
Plaintiff alleged she and Hamilton established an attorney-client relationship and Hamilton was negligent and guilty of professional impropriety by giving her improper and partial legal advice due to his own financial interest and his representation of clients with adverse interests.[2] Plaintiff has alleged that during the client-attorney relationship the defendant, in collusion with others, had a judgment that belonged to a trustee in bankruptcy assigned to a corporation owned by defendant and his law partner without the consent and knowledge of the trustee, resulting in no transfer of ownership of the judgment to defendant's corporation.[3] She alleged the defendant's corporation had the judgment's viability maintained by a suit for *1063 reinscription and thereafter seized and sold her property under a writ issued pursuant to this judgment. She alleges that knowledge of her affairs acquired by the defendant during the course of his representation of her contributed to his course of action and his failure to give her proper legal advice contributed to the success of defendant's actions which caused plaintiff the loss of her home. Some of these allegations are vague and lack specificity and may have been subject to an exception of vagueness, but they are not subject to the exception of no cause of action. Haskins v. Clary, supra. The allegations contain declarations of professional impropriety and misconduct by the defendant which allegedly caused plaintiff damages and for this reason the petition states a cause of action in malpractice.
For the foregoing reasons, the judgment of the trial court sustaining the exception of no cause of action against plaintiff is reversed, the exception is overruled and the case is remanded for further proceedings according to law.
REVERSED AND REMANDED.
NOTES
[1] D.R. 5-101 provides in pertinent part:

(A) "Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests."
D.R. 5-105 provides in pertinent part:
(A) "A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5-105(C).
(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).
(C) In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each."
[2] Allegations included in plaintiff's petition are:

. . . . .
10.
During said period of representation, attorney ORLANDO N. HAMILTON, JR. used his position as confidential advisor and legal representative to petitioner, MARLENE O. DIER, to obtain confidential and inside information concerning her personal finances, personal property and, in particular, the said lot in question as described in "Exhibit A".
11.
Defendant, Attorney ORLANDO N. HAMILTON, JR., made use of the confidential and privileged information under his control in negotiating the improper transfer of the assets of a bankrupt corporation (sic) without the knowledge and consent of the trustee in bankruptcy to obtain a privileged position and for the reinscription of the Judgment of Suit # 11,609.
12.
Defendant, ORLANDO N. HAMILTON, JR., purchased on or about September 16, 1981 an assignment of the Judgment by WARD BROTHERS on an asset which was omitted from the bankruptcy of WARD BROTHERS knowing that said partnership had filed a bankruptcy and that said asset had neither been reported in the bankruptcy nor disclaimed by the trustee in bankruptcy.
13.
Defendant, ORLANDO N. HAMILTON, JR., continued to represent petitioner, MARLENE O. DIER, after purchase of said Judgment and on or about February 23, 1982, ORLANDO N. HAMILTON, JR. sued his own client, MARLENE O. DIER, for the purpose of reinscribing said Judgment. In his letter of February 22, 1982 and of September 24, 1982 implied he represented WARD BROTHERS when in fact he represented his own interest.
14.
Defendant, ORLANDO N. HAMILTON, JR., continued to represent petitioner, MARLENE O. DIER, and revived a Judgment at the same time against her property.
15.
Defendant, ORLANDO N. HAMILTON, JR., failed to disclose his conflict of interest to his client, MARLENE O. DIER, and continued to represent her in the original matter. At this time the defendant failed to give proper and impartial legal advice to MARLENE O. DIER in that he represented both WARD BROTHERS, NORTH LOUISIANA FARMLANDS, INC and MARLENE O. DIER at the same time.
. . . . .
17.
Upon information and belief, NORTH LOUISIANA FARMLANDS, INC. is the alter ego and alter identity of ORLANDO N. HAMILTON, JR. and DONALD K. CARROLL, who practices law with him, for the purchase of said judgment.
18.
ORLANDO N. HAMILTON, JR. concealed the ownership of NORTH LOUISIANA FARMLANDS, INC. from his client, MARLENE O. DIER, and failed to disclose his ownership and management of said company in his attempts to reinscribed (sic) the judgment against MARLENE O. DIER'S former husband and MARLENE DIER.
. . . . .
31.
Upon information and belief, said defendant Orlando N. Hamilton nor his alter ego North Louisiana Farmlands did not legally own the judgment on or about October 10, 1984 when Orlando N. Hamilton caused a writ of seizure to be issued taking the property of Marlene O. Dier from her possession.
32.
On or about October 4, 1985, the bankruptcy cases B77-1226 and B77-1227 of Ward Brothers, Frank Ward and Charlene Ward were ordered re-opened by the Honorable Judge LeRoy Smallenberger of the U.S. Bankruptcy Court to properly investigate the transfer of assets which were withheld from knowledge of court and creditors and the bankrupt's receipt of funds after alleged conveyance of asset.
[3] All legal and equitable interests of the bankrupt in property vests in the trustee from the time the bankruptcy is filed. Thereafter, only the trustee can act to recover the assets of the bankrupt. The proper party to transfer an asset by a bankrupt is the truste. See Jones v. Chrysler Credit Corp., 417 So.2d 425 (La.App. 1st Cir. 1982), writ den., 420 So.2d 456 (La.1982).