520 So.2d 1016 (1987)
Cyril HINDS and Helen L. Hinds, Plaintiffs-Appellants,
v.
POO-YIE'S, INC., Louis Bordelon and Herbert Hebert, Defendants-Appellees.
No. 86-1090.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
*1017 Arthur E. Mouton, Lafayette, for plaintiffs-appellants.
Barry J. Heinen, Lafayette, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
DOMENGEAUX, Judge.
Cyril Hinds and Helen L. Hinds, as lessors of the property located at 4300 Johnston Street in Lafayette, Louisiana, instituted these proceedings against Poo-Yie's, Inc. to recover rent, interest and taxes allegedly due under a written lease agreement. The Hinds named as additional defendants: (1) Herbert Hebert; and (2) Louis Bordelon. Hebert and Bordelon were stockholders in Poo-Yie's and had executed personal guarantees in favor of the lessors guaranteeing the obligations of the corporation.
At trial, the parties orally stipulated to the amount of rent, interest, taxes and attorney's fees due. The parties agreed that the rent, $2,350.00 per month, had not been paid for the period July 1, 1984 to November 10, 1984 and that the total amount unpaid was $12,533.00. The parties stipulated that $1,467.00 in interest was unpaid as of November 10, 1984 and that according to the lease, interest was to accrue subsequent to November 10, 1984, at the rate of twelve percent per annum. The parties concluded their stipulations by stating that the lessees had not paid taxes due under the lease in the amount of $2,715.42 and that the lease provided for attorney's fees of twenty-five percent should the services of an attorney become necessary to enforce performance.
Subsequent to entering the stipulations into the record, Cyril Hinds took the witness stand. Hinds' testimony authenticated the lease exhibited to the court by his attorney. The plaintiffs, thereafter, moved for the introduction of the lease into evidence and then rested their case relying solely on the stipulations and the lease agreement.
The defendants rebutted the plaintiff's case-in-chief by presenting evidence that the leased premises were in need of repair at the commencement of the lease and that according to La.Civ.Code art. 2694 (1870) they were entitled to a credit up to the cost of the repairs. The defendants called to testify in support of their case: (1) Hebert, one of the owners of Poo-Yie's; (2) Chester Alleman, an electrician who had performed electrical repair work; (3) Kenneth Bernard, a plumber who had undertaken plumbing repairs; and (4) Robert Mashburn, the tenant who had immediately preceded Poo-Yie's in the premises. Testimony by the witnesses established that at the commencement of the lease, the premises were in need of considerable electrical, plumbing, flooring and roofing repairs.
The trial court rendered judgment in favor of the plaintiff-lessors and against the defendants, Poo-Yie's, Hebert and Bordelon, in solido, in the amount of $15,248.42, with interest accruing at the rate of twelve *1018 percent per annum from November 10, 1984 until paid and attorney's fees of twenty-five percent. The court then rendered judgment in favor of the defendant Poo-Yie's and against the lessors in the amount of $8,778.00. The trial judge in his reasons for judgment concluded that the repairs made by the defendant corporation were indispensable, that it had paid a reasonable price for the repairs and that the lessee was entitled to deduct the cost of the repairs from the rent.
The lessors have appealed and assign four errors. The lessors contend: (1) the trial court incorrectly interpreted the lease when it concluded that the lessors had not waived the obligation of delivering the premises in good condition and free from repairs; (2) the trial court erred in permitting the defendants to violate the parole evidence rule by allowing the introduction of testimony which varied the terms of the lease; (3) the trial court erred in permitting the defendants to expand the pleadings at trial, over objection, to include testimony addressing the condition of the leased premises at the commencement of the lease; and (4) the trial court erred when it determined that the lessee had given proper notice of the need for the repairs to the lessors prior to undertaking the repair work and deducting the cost of the repairs from the rent.
The lessors' initial issue on appeal calls into question the trial court's interpretation of the lease agreement. The lessors submit that they expressly waived the implied obligation of La.Civ.Code art. 2693 (1870) to "deliver the thing in good condition and free from any repair." They cite the following lease provisions in support of their position:
VII.
(a) It is the intention of the lessor and the lessee that the rent herein specified during both terms of this lease shall be net to the landlord in each year during the term of this lease, that all costs, expenses, obligations of every kind relating to the leased property except as otherwise specifically provided in this lease which may arise or become due during the term of this lease shall be paid by the lessee and that the lessor shall be indemnified by the lessee against such costs, expenses and obligations.
(b) The lessee shall at his own expense make all necessary repairs, and replacements to the leased property and to the pipes, heating and cooling systems, plumbing system, window glass, fixtures and all other appliances and appurtenances belonging to or used in connection with the leased premises. The lessor shall be responsible for repairs to the roof and foundation caused by normal deterioration. Lessor shall not be responsible for repairs to the roof or foundation caused by fire, wind, storm or other casualty. Should lessee desire to insure against such causes, at its sole cost and expense Lessor agrees to participate in obtaining but not in paying for such insurance.
and
X.
(a) Lessor will not be responsible for damage caused by leaks in the roof, by bursting of pipes, by freezing or otherwise, or by any vice or defects of the leased property or the consequences thereof except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having written notice from lessee of such defects and the damage caused thereby. Should lessee fail to promptly so notify lessor in writing of any such defect, lessee will become responsible for any damage resulting to lessor or other parties.
We have read the lease in its entirety and applying the Civil Code articles governing the interpretation of contracts, La.Civ.Code arts. 2045 et seq., we do not believe that the trial court erred.
The cardinal rule of contractual interpretation is to endeavor to ascertain the intentions of the parties at the moment the agreement was executed. La.Civ.Code art. 2045 (1984). We are unable to conclude from our review of the agreement that the *1019 lessors were relieved of their obligation to deliver the premises in good condition and free from repairs. We believe that a more correct interpretation of the lease is that the lessee only assumed the obligation of making specific repairs which might become necessary during the term of the lease.
Analogous to the instant case is the First Circuit decision in Moity v. Guillory, 430 So.2d 1243 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1148 (La.1983). The court in Moity held, inter alia, that "[a]lthough the lessee assumed the obligation to maintain the leased premises after the lease commenced, such contractual provisions did not relieve the lessor of his responsibility for defects in the premises which existed prior to the commencement of the lease." Id. at 1246.
The lessor's second assignment of error suggests the trial court erred in permitting the defendants to introduce testimony regarding the condition of the leased premises at the commencement of the lease, the extent of repairs undertaken and the cost of the repairs. The lessors contend that the introduction of the testimony, admitted over their strenuous objections, violated the parole evidence rule. La.Civ. Code art. 1848 (1984). The parole evidence rule provides that, "[t]estimonial or other evidence may not be admitted to negate or vary the contents of ... an act under private signature." La.Civ.Code art. 1848, Id. [formerly La.Civ.Code art. 2276 (1870)]; See also, Guillory v. Calcasieu Parish Police Jury, 410 So.2d 1213 (La.App. 3rd Cir. 1982).
The inquiry on appeal is whether the testimony brought forth by the defendants was an attempt to negate or vary the terms of the lease. We hold, having previously concluded that the lessors had not waived the obligation of delivering the premises free from repair, that the testimony in question did not violate the parole evidence rule.
The lessors' third assignment of error, similar in substance to the initial two, alleges that the trial court erred in permitting the defendants to introduce evidence relevant to allegations not raised in the pleadings. The lessors, in essence, argue that the trial court abused its discretion by permitting the defendants, over objection, to expand the pleadings. The plaintiffs contend this error occurred when the court permitted the introduction of testimony addressing the condition of the premises at the commencement of the lease and testimony pertaining to the nature and extent of the repairs undertaken.
La.Code Civ.Proc. art. 865 (1960) provides that, "[e]very pleading shall be so construed as to do substantial justice." Construing pleadings so as to do "substantial justice" requires that the pleadings be interpreted in favor of allowing a party his day in court if prejudice to the opposition can be avoided. Prejudice occurs when the pleadings are so insufficient and inadequate that they fail to place an adversary on notice that an issue would be raised at trial. Although Louisiana procedure, as opposed to federal procedure, requires fact pleading, pleadings in our state have traditionally been liberally interpreted in favor of avoiding harsh pleading rules and technical objections. See, La.Code Civ.Proc. art. 865, supra, comment (b); Haskins v. Clary, 346 So.2d 193 (La.1977); Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776 (1961).
The defendants allege in their "Amending and/or Supplemental Answer" that:
Defendants do affirmatively aver that the property made the basis of this lawsuit was in a state of disrepair and that Lessees incurred approximately Thirty Thousand and No/100 ($30,000.00) Dollars in repair costs to repair the property in question, which defendant were not legally required to do according to the lease.
We have reviewed these allegations with the understanding that trial judges are afforded considerable discretion in determining when the evidence is relevant to the general issues raised in the pleadings. Coutee v. American Druggist Insurance Company of Cincinnati, 453 So.2d 314 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 477 (La.1984). Subsequent to our *1020 review, we are unable to conclude that the trial judge abused his discretion.
In the final issue raised on appeal, the lessors contend that the lessee failed to provide them with notice of the needed repairs as required by article 2694. La.Civ. Code art. 2694, supra, provides in its entirety:

If the lessor do not make the necessary repairs in the manner required in the preceding article,[[1]] the lessee may call on him to make them. If he refuse or neglect to make them, the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable. (Emphasis added).
The trial judge, in awarding the lessee a credit on the rent due for the repairs made, concluded that the lessees had given the lessors notice of the needed repairs. Subsequent to our review of the record, we are unable to entirely agree.
Our review indicates that the lessors were only apprised of the need to repair the roof and the floor. The record does not reveal that they were ever informed of the need to repair the electrical wiring or the plumbing.
Hebert repeatedly stated that the lessors were informed of all the necessary repairs prior to the work being undertaken. He stated, however, that he only spoke with Cyril Hinds about the roof and the floor. Hebert continuously attempted, over the lessors' hearsay objections, to state that Bordelon informed the lessors of the need to repair the plumbing and electrical wiring. The trial judge correctly sustained the lessors' objections.
Despite Hebert's allegations that Bordelon notified the lessors of the needed repairs, Bordelon did not take the witness stand. It can only be presumed from Bordelon's unexplained absence from trial that his testimony would have been unfavorable. Clifton Upholstery Company v. Kayjun Industries, Inc., 254 So.2d 514 (La. App. 3rd Cir.1971), and Gulf States Utilities Company v. Guidry, 183 So.2d 122 (La.App. 4th Cir.1986).
We must, therefore, amend the lower court judgment. Poo-Yie's is only entitled to a credit of $729.00 on the rent due, $514.00 for roofing repairs and $215.00 for flooring repairs.
Accordingly, the judgment of the district court is amended so as to reduce the award in favor of the lessee, Poo-Yie's to the sum of $729.00. In all other respects the judgment of the district court is affirmed.
Costs on appeal are assessed 80% to defendants-lessee and 20% to plaintiffs-lessors.
AFFIRMED AS AMENDED.
NOTES
[1] La.Civ.Code art. 2693.

The lessor is bound to deliver the thing in good condition, and free from any repairs. He ought to make, during the continuance of the lease, all the repairs which may accidentally become necessary; except those which the tenant is bound to make, as hereafter directed.