JtGREMILLION, Judge.
This is an appeal from the trial court’s granting of the intervenor’s, United Healthcare of Louisiana, Inc. (United), motion to dismiss the incidental demand filed by the State of Louisiana, through the Department of Transportation and Development (DOTD). For the following reasons, we reverse and remand.
PROCEDURAL HISTORY
Brannon and Mary Gotro, husband and wife, filed suit on November 5, 1996, against DOTD as a result of an accident in which Brannon was injured when his vehicle went out of control, left the highway, and struck a culvert and utility pole. The Gotro’s claimed the highway was defective. DOTD timely answered the lawsuit, and United intervened in order to recover medical expenses paid on behalf of its insured, Brannon.
JiA trial date was eventually set for March 2,1998. On January 22,1998, DOTD filed an incidental demand against United. On January 29, 1998, the trial court severed the incidental demand from the principal action because it would retard the start of the trial. Soon afterward, the Gotros and DOTD settled the principal action, and DOTD informed United that it would continue with the incidental demand and requested that United file an answer. Instead, United filed a motion to dismiss the incidental demand claiming that DOTD did not obtain leave of court as required by Louisiana Code of Civil Procedure article 1033. After a hearing on this motion, the trial court agreed with United’s argument and dismissed the incidental demand with prejudice. DOTD appeals that judgment.
DISCUSSION
La.Code Civ.P. art. 1033 provides as follows:
*101 An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092.
An incidental demand that requires leave of court,to file shall be considered as filed as of the date it is presented to the clerk of court for filing if leave of court is thereafter granted.
DOTD filed the incidental demand well after it answered the principal demand. Therefore, under paragraph two of Article 1033, that incidental demand could only be filed if DOTD obtained leave of court to do so, and if the progress of the principal action is not retarded. Because we find that by severing the incidental demand, the trial court assured that the progress of the principal demand was not ¡^retarded, the focus of this appeal is whether DOTD obtained leave of court.
DOTD claims that leave of court was obtained on January 20, 1998, in open court. On that date, DOTD and the Gotros were in court for an evidentiary hearing. DOTD alleges that after the hearing, and while the trial judge was still on the bench, it informed the trial court that an incidental demand would have to be made against United. DOTD further alleges that the trial court expressed its belief that the incidental demand was an effort to delay the trial, that DOTD had repeatedly sought to delay the trial, and if the pleadings were filed, it would be severed from the principal demand. However, as pointed out by United and admitted by DOTD, there is no record of this discussion. Nevertheless, on January 22, 1998, DOTD filed the incidental demand. There is no request for leave of court attached to or in this pleading. On January 29, 1998, the trial court signed an order severing the incidental demand from the principal demand. On April 22,1998, United filed its motion to dismiss.
In Teachers’ Retirement System of Louisiana v. Louisiana State Employees’ Retirement System, 456 So.2d 594, 596 (La.1984), the Louisiana Supreme Court stated the following:
Articles of the Code of Civil Procedure are to be construed liberally and with due regard for the fact that forms of procedure implement the substantive law and are not an end in themselves. La.C.C.P. art. 5051; Lambert v. Donald G. Lambert Construction Co., 370 So.2d 1254, 1255 (La.1979). An earlier Court stated it well: “Pleading is the ‘handmaid rather than the mistress’ of justice.” Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776, 777 (1961).
Based on these principles and the transcript of the hearing for United’s motion to dismiss, we find that the trial court erred in granting the motion. Initially, we note (¡that Article 1033 does not require a written motion to obtain leave of court. Furthermore, our review of the record leads us to the conclusion that leave of court was granted to DOTD to file the incidental demand. We recognize that it is not absolutely clear that the trial court granted leave. However, we find, based on the principal that every citizen is entitled to his day in court, that there is enough evidence that DOTD could conclude that leave of court had been granted. Two statements by the trial court and its subsequent actions illustrate this point. First, in response to counsel for DOTD’s statement that he informed trial court that he had an incidental demand and the trial court indicated it would be severed, the trial court responded, “There is no question that I said it would be severed.” Finally, the trial court commented that “if you say, ‘Look, I’m going to file an incidental demand’ and I say, ‘Go ahead and file it.’ I don’t think that is leave of Court.” We disagree. It is not necessary that the magical word leave be uttered in order to fulfill the requirements of Article 1033. To do so would run counter to the liberal construction principle set forth in La. Code Civ.P. art. 5051.
Finally, the trial court actually filed an order severing the incidental demand, and sent a letter to all counsel including counsel *102 for the defendant in the incidental demand.[1] Had the trial court intended to refuse leave of court, it should fchave so stated in its order and accompanying letter. By ordering it severed and particularly on receiving the said letter, one can easily see how the proponent of the pleading could have been lulled into a sense of security that leave of court, albeit begrudgingly, had been granted. Therefore, we reverse the judgment of the trial court, and remand this matter for further proceedings.
CONCLUSION
The judgment of the trial court in favor of the intervenor/appellee, United Healthcare of Louisiana, Inc., and against the defendant-appellant, the State of Louisiana, through the Department of Transportation and Development, is reversed, and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to United Healthcare of Louisiana, Inc.
REVERSED AND REMANDED.

. The trial court’s letter reads:
Messieurs:
Today I received a copy of an Incidental Demand that DOTD is filing against United Health Care of Louisiana, Inc.
Needless to say, this comes somewhat late and will throw a monkey wrench in the machinery that was humming along pretty good until I saw this today.
This suit has been filed since November 5, 1996, and DOTD answered since December 18, 1996. Now, one year and 34 days after they have answered, they come up with this pleading bringing in a new party. This is, to say the least, unforgivable.
. M. Campbell, I do not intend to continue this case because of your 11th hour antics, and if worse comes to worse, I will sever the incidental demand from the main case which is set for Monday, March 2, 1998, about five weeks from today.
In order to avoid this and hear the entire matter on the scheduled date of March 2, 1998, I am sending a copy of the incidental demand to M. King and scheduling a status conference for January 29, 1998 at 8:00 o’clock A.M. (the same date as the pre-trial conference), and requiring that M. King attends with the idea that he will be ready for trial on March 2, 1998, although hé may not yet have answered on behalf of United Health Care.
I want M. King to come although he is not entertaining that notion.
M. Campbell, your incidental demand crates (sic) a mess, from which the Court will have a difficult time to extricate itself from, and chagrins me to a considerable extent, and I lament the fact that you did that.